THE PEOPLE OF THE STATE OF NEW YORK ex rel. ADOLPH MAURER, Appellant, against J. VERNEL JACKSON, as Warden of Clinton Prison, Respondent.

Third Department, February 1, 1956.

*Adolph Maurer,* appellant in person.

*Jacob K. Javits, Attorney-General (James O. Moore, Jr., Paul C. Reuss* and *J. Bruce MacDonald* of counsel), for respondent.

BERGAN, J. Relator was sentenced on October 19, 1951, in the Nassau County Court for several offenses: attempted robbery, first degree, fifteen to thirty years; assault, first degree, ten to twenty years; carrying a loaded pistol concealed on the person, seven to fourteen years; and an additional sentence was imposed pursuant of section 1944 of the Penal Law for being armed while the foregoing crimes were committed, of ten to fifteen years. The first three sentences were directed to run concurrently; the last at the conclusion of the others. A writ of habeas corpus has been dismissed.

It is not disputed that the assault was committed as part of the attempted robbery; nor is it disputed that the gun which relator carried on his person was the gun used at the same time in the attempted robbery and assault and the same gun for which the additional punishment of ten to fifteen years was imposed.

It will be seen at once that the sentence for assault is in conflict with section 1938 of the Penal Law which provides that an act made punishable in different ways by different provisions of law may be punished " under any one of those provisions, but not under more than one ".

In such a situation, it would seem that the court had the power to pass sentence on the highest grade of offense (*People* v. *Edwards,* 173 App. Div. 375); and " only " on the highest grade of offense (*People ex rel. Thornwell* v. *Heacox,* 231 App. Div. 617; *Matter of Zovick* v. *Eaton,* 259 App. Div. 585). We

hold, therefore, that the sentence for attempted robbery could properly have been imposed and is valid as well as the additional sentence for being armed in the commission of the attempted robbery, which is an "increased" punishment that may be added to any other (Penal Law, § 1944). The sentence for assault is in conflict with the statute relating to punishment. A majority of the court is of opinion that the additional sentence imposed for the offense of carrying the weapon concealed on the person was not punishment for the same act of using the gun in the commission of the crime for which added punishment had already been imposed.

Although the invalid sentence runs concurrently with the valid ones and is shorter in duration it is included in the return of the defendant warden as part of the warrant at law by which he holds the relator in prison; and if part of a presently operative judgment is valid, and part invalid, remedy by writ of habeas corpus is available.

The sentences considered in *Matter of Zovick* v. *Eaton* (*supra*) were to run consecutively and the maximum time of the first valid sentence had not run when the order of mandamus was entertained and direction for a new sentence made. In *People ex rel. Thornwell* v. *Heacox* (*supra*) the main sentence had been satisfied, but apparently not served in full maximum, and the relator had begun service of the second sentence for an offense included in the principal charge. A writ of habeas corpus was sustained. The sentences were there consecutive, but in sustaining the writ the court did so without prejudice to the principal sentence and to parole thereunder (p. 619).

It is clear enough that the Federal rule permits several sentences to be imposed for included crimes if they are made to run concurrently. The prisoner is not regarded as being aggrieved if the length of sentence lies within range of the maximum permitted for any of the crimes of which he is properly convicted.

But the Federal rule has a special background which perhaps is best to be understood by reference to *Claassen* v. *United States* (142 U. S. 140 [1891]). Its basis is the rule at common law that if any one count in an indictment supports the verdict "it shall stand good, notwithstanding all the rest are bad" (p. 146, citing Lord Mansfield in *Peake* v. *Oldham*, 1 Cowp. 275, 276).

The logic of this rule was extended, therefore, to the sentence considered in the *Claassen* case. The defendant was convicted

of five counts and sentenced to from five to ten years; a sentence that could have been imposed for any of the five counts. The court noted (p. 147) that " there is no reason why that sentence should not be applied to any one of the counts which was good." This decision was followed in 1894 by a similar treatment of a judgment of conviction and sentence in *Evans* v. *United States* (153 U. S. 608). It was specifically followed by express citation in *Abrams* v. *United States* (250 U. S. 616, 619). In the prevailing opinion in *Pierce* v. *United States* (252 U. S. 239, 252–253) it was thought that the concurrent sentence imposed on defendants on one count, not exceeding those that might be imposed on other counts " adds nothing to their punishment " even though the challenged count was invalid.

In such circumstances the United States courts seem to feel that the accused is not aggrieved; such is the suggestion of the summary words in *Brooks* v. *United States* (267 U. S. 432, 441): " As the convictions can be sustained on the first count in each indictment under the verdict, there is no ground for reversing the case because of error in charging as to the second count ". The rule has been rather consistently followed in the Federal jurisdiction, and examples of its operation are to be seen in *United States* v. *Nickerson* (211 F. 2d 909); *White* v. *United States* (16 F. 2d 870).

But the United States statutes carry no counterpart to the broad words of prohibition to be read in section 1938 of the New York Penal Law which states plainly that a criminal act " punishable in different ways " may not be punished " under more than one ". Neither the statute (U. S. Code, tit. 18, ch. 227, *Sentence, Judgment and Execution*), nor the rules (Federal Rules of Crim. Pro., rule 32) contains such an interdiction.

Nor is it the rule in New York that a person convicted improperly of one count of an indictment is not aggrieved if the sentence runs concurrently with a count on which he is properly convicted. On the contrary, he is deemed aggrieved, and the judgment will be modified to deal with the invalid count. In *People* v. *Daghita* (301 N. Y. 223) defendant was convicted of two separate counts of grand larceny; but the sentences imposed ran concurrently. One was held invalid, reversed, and dismissed on appeal, although the other one was affirmed (p. 228).

The right to challenge a concurrent sentence as invalid ought to be at least as clear as the right to challenge the invalidity

of a suspended sentence; and whether a man is aggrieved by one is rather similar in principle to the question whether he is aggrieved by the other.

The right to challenge an invalid suspended sentence is by now clear. In *People* v. *Murphy* (256 App. Div. 995) appellant was convicted of attempted rape, first degree, and assault in the second degree, both arising from the same act. The rape sentence was suspended and a sentence of two and one-half to five years was imposed for the assault. On appeal the sentence which had been suspended was reversed and annulled.

In *People* v. *Hutchison* (276 App. Div. 1040) this court had before it charges of assault, second degree, and carnal abuse of a child, both arising from the same act. Sentence on the assault charge was suspended and sentence was imposed on the other charge. The court on the authority of section 1938 annulled the sentence which had been suspended and dismissed the count of the indictment on that charge.

In *People* v. *Riforgiato* (281 App. Div. 1067) appellant was convicted on two counts of robbery. Sentence was imposed on the first count " and a like sentence " on the second count. This was reversed and the judgment amended by striking out the second sentence. The sentences were concurrent. The court noted that " separate sentences should not have been imposed ".

It has been noticed that the United States has no statute similar to our Penal Law prohibition on additional punishment; and it seems that only California has enacted a statute like New York's. (See discussion of the problem in the comprehensive opinion of Sobel, J., in Kings County Court in *People* v. *Savarese*, 1 Misc 2d 305).

The language of the California statute (Cal. Penal Code, § 654) is textually identical with our own except that a few words have been added which reflect no change of meaning. The Supreme Court of California has interpreted section 654 to prevent the sentencing of a man for robbery concurrently with a sentence for kidnapping arising from the same act; and on appeal the judgment for robbery which was running concurrently with the kidnapping conviction was reversed although the kidnapping judgment was affirmed (*People* v. *Knowles*, 35 Cal. 2d 175; see, also, *Matter of Shull*, 23 Cal. 2d 745, and the discussion in *People* v. *Chessman*, 38 Cal. 2d 166).

In *People* v. *Knowles* the court noted that the applicability of section 654 " is not limited to necessarily included offenses " but laid down a somewhat broader test, based on the nature of

the criminal act, i.e., whether a separate and distinct act can be made the basis of each conviction '' or whether a single act has been so committed that more than one statute has been violated '' (p. 187). The assault in the case before us was part of the same act which constituted the attempted robbery, first degree. The final test here is double punishment for the same thing.

It is said that if the court may not impose concurrent sentences for the same act under different provisions of law, the Penal Law will somehow be adversely affected. The statute is plain in its words of prohibition, and it is difficult to conceive a situation where the People would be injured because a man was held safely in prison on one valid charge of which he is convicted, rather than held on reduplicated charges made by multiplying the same offense to a greater dimension.

If the main charge is wrong, the People ought not complain if it be reversed; on the other hand, a defendant under New York law and under the protection of a specific statute is aggrieved by an additional sentence punishing him more than once for the same act. It may readily be seen that in the event of subsequent conviction, the gravity of the criminal record of an accused could be augmented by reading a list of his sentences and could well be reflected in more severe punishment and in other ways. Relator has a sufficient interest in the duplicated charges under which he is being held to test their validity by habeas corpus.

The order should be reversed, the writ of habeas corpus sustained, and relator remanded to the County Court of Nassau County for resentence.

FOSTER, P. J., COON, HALPERN and ZELLER, JJ., concur.

Order reversed, writ of habeas corpus sustained, and relator remanded to the County Court of Nassau County for resentence.