■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGG HANLEY and JOHN HANLEY, Appellants. — Appeal by defendants from two judgments (one as to each of them) of the Supreme Court, Richmond County (Owens, J.), both rendered October 31, 1980, convicting them of murder in the second degree, and criminal possession of a weapon in the fourth degree, upon jury verdicts, and imposing sentences. Judgments reversed, on the law, and new trial ordered. After a family argument initiated by the brother of the deceased, defendants allegedly chased the deceased, John Williams, into a fruit store. At the trial, one witness testified that, during the course of the chase, defendants said "that when they catch him, that they were going to kill him". However, another witness testified that defendants said, "We're going to get you. We're not going to let you go." The police were summoned to the store, and when they arrived, they found Williams still alive and "writhing in pain", in front of the store. There was blood at the back of the store, and a trail of blood running to the front, indicating that Williams had been stabbed in the back and had

struggled his way to in front of the store. Williams had been stabbed once, in the right chest, and later died from a hemorrhage in his right chest cavity. Shortly after the stabbing, defendants were overhead discussing the crime. One witness testified that they said "they killed that nigger and they said that Allah got him and that they were going to get the rest of his family". A second witness testified that they said that "Allah got him, and he's down on Bay Street, and that he is dying." At the conclusion of the trial court's charge to the jury, defendants requested an instruction with respect to the lesser included offenses of manslaughter in the first degree and manslaughter in the second degree. The trial court refused to so charge, on the grounds that the request was untimely, and based on its interpretation of the evidence. As a general rule requests for submission of lesser included offenses should be made prior to the summations (see CPL 300.10, subd 4; *People v Duncan,* 46 NY2d 74, 80). However, where a defendant requests submission of a lesser included offense before the jury retires for deliberations, the request cannot be rejected as untimely (see CPL 300.50, subd 1; *People v Balay,* 49 AD2d 838; *People v Zabala,* 49 AD2d 838; cf. *People v Duncan, supra*). The request must be granted if any reasonable view of the evidence would support a finding that defendant committed such lesser offenses but did not commit the greater (see CPL 300.50, subds 1, 2; *People v Steele,* 26 NY2d 526; *People v Diaz,* 66 AD2d 752). "To warrant a refusal to submit it 'every possible hypothesis' but guilt of the higher crime must be excluded" (*People v Henderson,* 41 NY2d 233, 236). There is a reasonable view of the evidence in the instant case which would support a finding that defendants did not intend to kill John Williams but, rather, intended to inflict serious physical injury. Accordingly, the trial court should have submitted the lesser included offense of manslaughter in the first degree to the jury. This error mandates a new trial. We have considered defendants' remaining contentions and find that none of those contentions would warrant reversal. Damiani, J. P., Lazer, Brown and Niehoff, JJ., concur.