■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS BERNAL NOGUERA, Appellant. — Judgment, Supreme Court, New York County (Neco, J.), rendered June 10, 1982, convicting defendant after a jury trial of robbery in the third degree, criminal possession of stolen property in the first degree, and reckless endangerment in the first degree, and sentencing defendant to concurrent prison terms of 1⅓ to 4 years on the robbery and possession of stolen property counts, and 2⅓ to 7 years on the reckless endangerment count, modified, on the law and as an exercise of discretion in the interest of justice, to reduce the defendant's conviction of reckless endangerment in the first degree to one of conviction of reckless endangerment in the second degree, and to sentence defendant on the reduced charge to a term of one year, which period of time has already been served by the defendant, as to which conviction he is deemed discharged, and otherwise affirmed. ¶ The evidence adequately supports the jury's verdicts of conviction in all respects. As to the defendant's conviction for reckless endangerment in the first degree, however, it was error for the trial court to deny defendant's request to submit the lesser included count of reckless endangerment in the second degree, there being "a reasonable view of the evidence which would support a finding that the defendant committed such lesser offense but did not commit the greater" (CPL 300.50, subds 1, 2). Nor was the trial court justified in denying the requested charge because the request was not made until after summations. Although it is manifestly preferable that both counsel know all the charges to be submitted to the jury before summations (see CPL 300.10, subd 4), the statute appears to authorize such request to be made by counsel at any time prior to the submission of the case to the jury. (Cf. *People v Duncan,* 46 NY2d 74, 79-80.) ¶ Both parties expressed agreement that if this court found error in the failure to submit the lesser charge, it would be preferable under the circumstances to reduce the defendant's conviction for reckless endangerment in the first degree to reckless endangerment in the second degree, and we so modify the judgment of conviction. ¶ Reckless endangerment in the second degree (Penal Law, § 120.20) is a class A misdemeanor, the maximum sentence for which is one year (Penal Law, § 70.15, subd 1). In fixing a one-year sentence, we do so on the understanding that defendant has already served a greater period of time under the previously fixed indeterminate sentence and that he has accordingly served the sentence on the reduced charge. Concur — Sandler, Sullivan, Silverman, Fein and Kassal, JJ.