■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STUART CREEKMORE, Appellant. — Judgment of the Supreme Court, Bronx County (Salman, J.), rendered July 8, 1982, which convicted defendant of manslaughter in the first degree and reckless endangerment in the first degree and sentenced him to consecutive terms of imprisonment of 12½ to 25 years and 2⅓ to 7 years respectively, is unanimously modified, on the law and facts, to reverse as to the sentences, vacate both sentences imposed, and remand to the Supreme Court, Bronx County, for resentencing of defendant in accordance with the decision herewith, and otherwise affirmed.

Defendant's sentence upon his conviction of manslaughter in the first degree was apparently predicated upon defendant's status as an armed felony offender. However, as the District Attorney concedes, manslaughter in the first degree is not an armed violent felony offense since neither the possession nor display of a gun is an element of the crime (see *People v Lawrence,* 97 AD2d 718). The District Attorney urges this court, on the basis of a certified copy of defendant's previous conviction, to conclude that defendant is a second felony offender and

as such, that his sentence of from 12½ to 25 years for the manslaughter conviction is legal. The defendant, however, has not waived his right to controvert the allegations in the prior felony statement, and therefore the matter should be remanded to Trial Term for a predicate felony hearing and resentence. We note that upon such resentence, if defendant is found to be a predicate felon, then the minimum sentence for both his convictions of reckless endangerment and manslaughter in the first degree will be one half the maximum imposed. (Penal Law, § 70.06, subd 4.)

Contrary to defendant's assertions, the consecutive sentences imposed herein were legally proper. While the crime of reckless endangerment may have been incidental to the homicide, it was also proved independently and existed apart from such conduct. Consecutive sentences were therefore not erroneous, as a matter of law (see *People v Walsh*, 44 NY2d 631, 635; *People v Tanner*, 30 NY2d 102).

We have examined the remaining contentions by the defendant and find them to be without merit. Concur — Murphy, P. J., Sullivan, Ross, Asch and Kassal, JJ.