■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WOODSON AVERY, Appellant. — Judgment unanimously affirmed. Memorandum: Defendant was convicted of burglary in the first degree and assault in the third degree. He contends that the trial court erred in refusing to submit criminal trespass as a lesser included offense of burglary. Defendant sought such a charge before the court commenced its instructions to the jury. In declining the request, the court ruled that it was untimely and that there was no reasonable view of the evidence which would support a finding that defendant committed criminal trespass but did not commit burglary.

While we agree with defendant that the request to charge was timely made (see CPL 300.50, subd 1; *People v Hanley,* 87 AD2d 850; *People v Balay,* 49 AD2d 838, cert den 425 US 942), the court was otherwise correct in its ruling. On this record, there was no identifiable, rational basis on which the jury could have rejected a portion of the prosecution's case indispensable to establishing the higher crime and yet have accepted so much of the proof as would have established the lesser crime (*People v Scarborough,* 49 NY2d 364, 369-370).

The victim's testimony was the only direct evidence of the commission of the crimes. She testified that she was awakened in the early morning hours of July 16, 1982 when her locked apartment door was broken open, and defendant entered her bedroom and immediately and repeatedly punched her about the face as he demanded to learn the whereabouts of his girlfriend, who was the victim's sister-in-law. As a result of the assault, the victim's face was swollen, her mouth was lacerated and her nose was broken. The defense was premised upon defendant's testimony that at the time of the crime he was at home studying for exams and that he had never been at the victim's apartment.

There is no reasonable view of such evidence upon which the jury could have concluded that defendant knowingly entered or remained unlawfully in the victim's apartment, but either did not assault her or did not intend to cause her physical injury. To have permitted the jury in the circumstances of this case to

accept only part of the victim's testimony would be "to countenance selective dissection of the integrated testimony of a single witness as to whom credibility, or incredibility, could only be a constant factor." (*People v Scarborough, supra,* p 373.)

We have reviewed the other issues raised by defendant and find them to be without merit. (Appeal from judgment of Erie County Court, Forma, J. — burglary, first degree, and assault, third degree.) Present — Dillon, P. J., Callahan, Green, Moule and Schnepp, JJ.