■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE COLON, Appellant. — Judgment of the Supreme Court, Bronx County (Anita Florio, J.), rendered December 18, 1981, modified, on the law, to the extent only of reversing and setting aside the sentence for attempted murder in the second degree and remanding the matter to the trial court for resentence on that count and, except as so modified, affirmed.

Defendant was charged with attempted murder in the second degree, criminal use of a firearm in the first degree, criminal possession of a weapon in the second degree and assault in the second degree. After a bench trial, the fourth count, that of assault in the second degree, was dismissed as a lesser included count. Defendant was found guilty on the three other counts. He was sentenced to two concurrent terms of imprisonment of 7½ to 15 years, as a violent felony offender, on the counts charging attempted murder in the second degree and criminal use of a firearm in the first degree, and a concurrent term of 5 to 15 years on the count of criminal possession of a weapon in the second degree.

We find the sentence on the count charging attempted murder in the second degree to have been improper, and the prosecutor now so concedes. Penal Law § 70.02 (1) (a) defines a violent felony offense and includes within its ambit attempted murder in the second degree. Subdivision (4) of that section provides that the minimum sentence to be imposed therefor "must be fixed by the court at one-third of the maximum term imposed" except in the instance where the conviction is for "a class B *armed* felony offense" (emphasis supplied). CPL 1.20 (41) (a) defines an armed felony as a violent felony, an element of which includes "possession * * * [of] a loaded weapon from which a shot, readily capable of producing death or other serious injury may be discharged" or displays what appears to be a firearm. Neither murder nor attempted murder in the second degree as defined in Penal Law § 125.25 requires the use of a firearm. Hence, it is not an "armed" felony and the imposition of a minimum sentence in excess of one third the maximum was improper (*People v Lawrence,* 97 AD2d 718, *appeal on other grounds affd* 64 NY2d 200).

Accordingly, we modify to vacate the sentence on the count of attempted murder in the second degree and remand the matter to the trial court for resentence on that count. We have exam-

ined the other issues raised by defendant and find them to be without merit. Concur — Sandler, J. P., Sullivan, Bloom and Milonas, JJ.