■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL ELLIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lombardo, J.), rendered April 25, 1985, convicting him of manslaughter in the first degree, assault in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and sentencing him to concurrent indeterminate terms of 12½ to 25 years' imprisonment and 3½ to 7 years' imprisonment for manslaughter in the first degree and assault in the second degree, respectively, to run consecutively to an indeterminate term of 4 to 8 years' imprisonment for criminal possession of a weapon in the second degree.

Ordered that the judgment is modified, on the law, by providing that all terms of imprisonment imposed shall run concurrently to each other; as so modified, the judgment is affirmed.

We find merit to the defendant's contention that he was improperly sentenced with respect to his conviction for criminal possession of a weapon in the second degree. It is well settled that "a court may not impose *consecutive* sentences where the same act is the basis of convictions obtained on a multiple count indictment" *(People ex rel. Maurer v Jackson,* 2 NY2d 259, 267, *revg* 1 AD2d 140, *rearg denied* 3 AD2d 799). Since there is no support in this record to substantiate the People's assertion that the defendant possessed the weapon at any time other than during the commission of the assault and manslaughter, the sentences must run concurrently *(see, Peo-*

ple v Anderson, 123 AD2d 770, *lv denied* 69 NY2d 824; *People v Terry,* 104 AD2d 572; *People v Torres,* 91 AD2d 1005, *revd on other grounds* 60 NY2d 119). We, therefore, modify the sentence accordingly.

We have examined the defendant's remaining contentions and find them to be unpreserved for appellate review, and, in any event, devoid of merit. Eiber, J. P., Kooper, Sullivan and Balletta, JJ., concur.