■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE KUEY, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Vaughn, J.), rendered May 11, 1987, convicting him of attempted murder in the second degree, assault in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed; as so modified the judgment is affirmed and the matter is remitted to the County Court, Suffolk County, for resentencing.

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power (CPL 470.15 [5]), we find that the verdict was not against the weight of the evidence. The overwhelming evidence at trial established that the defendant ordered his codefendant to get a gun from his pickup truck and then ordered the codefendant to shoot the victim as the codefendant held the gun pointed at the victim.

We do not find that the trial court erred in denying the defendant's motion for a severance since the proof against him and his codefendant was supplied by the same evidence *(see, People v Bornholdt,* 33 NY2d 75, 87, *cert denied sub nom.*

*Victory v New York,* 416 US 905; *People v Velasquez,* 147 AD2d 726). The joint trial did not deprive the defendant from calling his codefendant in his defense.

While we reiterate that a trial court's charge defining reasonable doubt must describe that standard in general terms that convey simply to the jury the difference between a reasonable doubt and one which is based on a whim, sympathy or some other vague reason, we do not find that the trial court's instructions in the instant case, read as a whole, conveyed the wrong meaning to the jury *(see, People v Malloy,* 55 NY2d 296).

The People concede that the court erred in treating the defendant's conviction for attempted murder in the second degree as an armed violent felony offense *(see, People v Colon,* 111 AD2d 9). The court also erred in directing that the sentence imposed upon the defendant's convictions for criminal possession of a weapon in the second degree run consecutively to the sentences imposed on the defendant's other convictions, since all of the counts "arose out of a single act" *(People v Terry,* 104 AD2d 572, 573; *People v Ellis,* 139 AD2d 662; Penal Law § 70.25 [2]). Accordingly, under the circumstances it is appropriate to remit the matter to the County Court, Suffolk County, for resentencing.

We have reviewed the defendant's remaining arguments and find that they are either unpreserved for appellate review or are without merit. Mangano, J. P., Thompson, Bracken and Rosenblatt, JJ., concur.