■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN CAHILL, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Vaughn, J.), rendered May 11, 1987, convicting him of murder in the second degree, attempted murder in the second degree, assault in the first degree, criminal possession of a weapon in the second degree, and reckless endangerment in the second degree (four counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed on the conviction for attempted murder in the second degree; as so modified the judgment is affirmed, and the matter is remitted to the County Court, Suffolk County, for resentencing.

Viewing the evidence in the light most favorable to the People *(see, People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of the murder of John Linehan and the attempted murder of his brother Terrence Linehan. Moreover, upon the exercise of our factual review power *(see,* CPL 470.15 [5]), we find that the

verdict was not against the weight of the evidence. The evidence established that during an altercation involving the victims, the defendant, and the codefendant George Kuey, Kuey ordered the defendant to get a gun from the defendant's pickup truck. Upon returning with the weapon, the defendant pointed it at Terrence's head, declaring that he was not "kidding around". Kuey then ordered the defendant to shoot Terrence. Terrence attempted to take the gun from the defendant, who broke free and fired repeatedly. Terrence sustained two bullet wounds and fell to the ground. Repeated shots were heard by witnesses. One witness said he heard a shot and saw John fall to the ground. The defendant next pointed the gun at the witness and said, "Do you want to get yours now?" The defendant then left in his pick-up truck followed by the witness. When the witness tried to block his way, the defendant shot at the witness. The police apprehended the defendant after a high-speed chase during which he shot at them several times. The medical examiner testified that John sustained three bullet wounds, fired at close range. Contrary to the defendant's contention, this evidence overwhelmingly established that his conscious objective was to cause death, thus satisfying the element of intent required for the murder and attempted murder convictions (see, People v Morris, 141 AD2d 769; see also, People v Sanducci, 195 NY 361, 367-368).

The defendant's contention that the Supreme Court erred in failing to charge manslaughter in the second degree as a lesser included offense of murder in the second degree, is academic since the court did charge the lesser included offense of manslaughter in the first degree, but the jury nevertheless found the defendant guilty of murder in the second degree. The defendant's conviction of murder in the second degree therefore forecloses a challenge to the court's failure to charge the more remote lesser included offense of manslaughter in the second degree (see, People v Boettcher, 69 NY2d 174, 180; People v Hernandez, 148 AD2d 546).

The People concede that the court erred in treating the defendant's conviction for attempted murder in the second degree as an armed violent felony offense (see, People v Kuey, 155 AD2d 481; People v Colon, 111 AD2d 9). Accordingly, we vacate the sentence imposed on that conviction and remit the matter for resentencing thereon. In light of this determination we do not reach the defendant's claim of excessiveness with respect to this sentence.

Further, we find that the imposition of consecutive sentences with respect to the convictions of murder, attempted

murder, and criminal possession of a weapon in the second degree was proper. Contrary to the defendant's contention, these crimes were not committed through a single act, since the evidence demonstrated that, apart from the actions which resulted in the convictions of murder and attempted murder, the defendant committed further unlawful actions with the weapon (see, *People v Day*, 73 NY2d 208, 212; *cf., People v Kuey, supra*).

Finally, the defendant's contention that the sentence imposed is excessive is without merit (see, *People v Suitte*, 90 AD2d 80). Brown, J. P., Kooper, Eiber and Rosenblatt, JJ., concur.