THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE McINNIS, Also Known as BORN, Appellant.

The People adduced evidence that the defendant, along with two friends, forced the victim at gunpoint into an apartment. The defendant then shot the victim in the head. The defendant testified that the gun he was holding went off accidentally when he swung his arm at the victim's head and that he did not intend to kill him. He said that the gun was not his, he did not load it, and his finger was not on the trigger when he swung his arm at the victim. One of the People's witnesses also testified that the gun went off when the defendant hit the victim on the side of the head. At a pre-charge conference, the court granted the defendant's request for a charge on the lesser-included offense of manslaughter in the second degree. Immediately after the charge, the defendant requested, for the first time, that the court charge criminally negligent homicide. The court summarily denied the request. The defendant was found guilty of manslaughter in the second degree and three counts of criminal possession of a weapon in the second degree.

We agree with the defendant's contention that his conviction of manslaughter in the second degree should be reversed because the court erred in failing to charge criminally negligent homicide as a lesser-included offense of murder in the second degree. A reasonable view of the evidence would support a finding that the defendant committed the lesser crime and not the greater (see, People v Green, 56 NY2d 427). The People argue that the defendant's request for a charge on criminally negligent homicide was untimely. Although a request for a charge on a lesser-included offense should be made before summations (see, People v Duncan, 46 NY2d 74, cert denied 442 US 910; CPL 300.10 [4]), it cannot be rejected as untimely where, as here, it is made before the jury retires to deliberate (see, People v Noguera, 102 AD2d 775; People v Hanley, 87 AD2d 850; People v Balay, 49 AD2d 838, cert denied 425 US 942; CPL 300.50 [1]). Moreover, there was no showing that the request was made in bad faith. Since the defendant was acquitted under the sole count of murder in the second degree submitted to the jury, and no lesser-included offenses were charged in the indictment, the first count in the indictment, charging murder in the second degree, must be dismissed without prejudice to the People to re-present any appropriate charges to the Grand Jury (see, People v Beslanovics, 57 NY2d 726, supra).

The defendant was charged in the indictment with three

counts of criminal possession of a weapon in the second degree *(see,* Penal Law § 265.03; possession of a loaded firearm with intent to use unlawfully against another) based on evidence that there were three guns involved in the incident. None of the guns was recovered. The defendant contends that the People failed to present legally sufficient proof that any of the guns, except for the one actually used in the shooting, was loaded and operable. We agree and therefore reverse the defendant's conviction of two counts of criminal possession of a weapon in the second degree, vacate the sentences imposed thereon and dismiss those counts of the indictment *(see, People v Cavines,* 70 NY2d 882; *People v Actie,* 99 AD2d 815; *People v Ansare,* 96 AD2d 96). Although this issue was not preserved for appellate review as a matter of law, we have reached it in the interest of justice.

Finally, since the conviction for manslaughter in the second degree is reversed and the sentence thereon vacated, we need not reach the issue of whether the court properly imposed consecutive sentences on the convictions for possession of a weapon and manslaughter. Nevertheless, we note that it is well settled that a court may not impose consecutive sentences where all of the counts in a multi-count indictment arise out of the same act *(see, People v Kuey,* 155 AD2d 481; *People v Ellis,* 139 AD2d 662). The evidence elicited at the trial, and the People's arguments at sentencing, establish that these offenses arose out of the same act. Bracken, J. P., Harwood, Lawrence and O'Brien, JJ., concur.