■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK ALI, Appellant.—Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Marrus, J.), imposed January 3, 1992, upon his convictions of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon his plea of guilty, the sentence being an indeterminate term of 8 to 24 years imprisonment upon his conviction of manslaughter in the first degree, to run consecutively to an indeterminate term of 2 to 6 years imprisonment upon his conviction of criminal possession of a weapon in the second degree.

Ordered that the sentence is modified, on the law, by deleting the provision that the terms of imprisonment shall run consecutively and substituting therefor a provision that the terms of imprisonment shall run concurrently to each other; as so modified, the sentence is affirmed.

The transcript of the plea proceedings in this case demonstrates that the defendant's convictions of manslaughter in the first degree and criminal possession of a weapon in the second degree were based on the same act, and there are no facts in the record which support the People's speculation to the contrary. Accordingly, the imposition of consecutive terms was prohibited, and the sentence is modified to make the terms run concurrently (see, Penal Law § 70.25 [2]; People v Durio, 175 AD2d 842; People v Ellis, 139 AD2d 662; People v Terry, 104 AD2d 572; cf., People v Brown, 80 NY2d 361).

The defendant's sentence is neither harsh nor excessive (see, People v Suitte, 90 AD2d 80). Mangano, P. J., Sullivan, Eiber, Copertino and Santucci, JJ., concur.