■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEON STREETER, Appellant. [604 NYS2d 159] —Appeal by the defendant, as limited by his motion, from two sentences of the Supreme Court, Kings County (Starkey, J.), both imposed April 15, 1992, upon his conviction of manslaughter in the first degree and reckless endangerment in the first degree under Indictment No. 2381/91, and criminal possession of a weapon in the third degree under Indictment No. 2354/91, upon his pleas of guilty, the sentences being consecutive indeterminate terms of 8⅓ to 25 years imprisonment and 14 to 42 months imprisonment, respectively, under Indictment No. 2381/91, and an indeterminate term of 3½ to 7 years imprisonment under Indictment No. 2354/91, to run consecutively to the terms of imprisonment imposed under Indictment No. 2381/91.

Ordered that the sentence imposed under Indictment No. 2354/91 is modified, on the law, by reducing the minimum term of imprisonment for the conviction of criminal possession of a weapon in the third degree from 3½ to 2⅓ years imprisonment; as so modified, the sentences are affirmed.

The defendant was charged under Indictment No. 2381/91 with murder in the second degree (two counts), criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and reckless endangerment in the first degree. Under Indictment No. 2354/91, the defendant was charged with an unrelated count of criminal possession of a weapon in the third degree. On the eve of trial, the defendant was permitted to withdraw his previous pleas of not guilty and to plead guilty to a reduced charge of man-

slaughter in the first degree, and reckless endangerment in the first degree, in full satisfaction of Indictment No. 2381/91. He also pleaded guilty to criminal possession of a weapon in the third degree in satisfaction of Indictment No. 2354/91. Pursuant to the terms of the negotiated plea bargain, the defendant knowingly and voluntarily waived his right to appeal. The court promised to sentence the defendant to consecutive terms of 8⅓ to 25 years imprisonment, and 14 to 42 months imprisonment, respectively, upon his convictions of manslaughter in the first degree and reckless endangerment in the first degree. Additionally, it was agreed that the defendant would receive another consecutive prison term of 3½ to 7 years upon his conviction of criminal possession of a weapon in the third degree under the second indictment. Although the prosecutor acknowledged that the defendant was not a second felony offender, he indicated that a sentence of 3½ to 7 years was appropriate because he erroneously believed criminal possession of a weapon in the third degree to be a Class B, armed felony offense. The defendant was thereafter sentenced in accordance with the negotiated plea agreement.

The defendant is now challenging the legality of the 3½ to 7 years prison term imposed upon his conviction of criminal possession of a weapon in the third degree under Indictment No. 2354/91. The People concede that this claim may be raised on appeal notwithstanding the defendant's otherwise valid waiver of his right to appellate review (see, People v Callahan, 80 NY2d 273; People v Seaberg, 74 NY2d 1). The People also agree that the prison term must be reduced to 2⅓ to 7 years because the defendant was not sentenced as a second felony offender, and because criminal possession of a weapon in the third degree is not a Class B armed felony (see, CPL 1.20 [41]; Penal Law § 70.02 [4]). Accordingly, the sentence imposed under Indictment No. 2354/91 must be modified by reducing the minimum indeterminate term of imprisonment from 3½ years to 2⅓ years; i.e., one-third the maximum (see, People v Bennett, 144 AD2d 564).

The defendant is also challenging the sentence imposed under Indictment No. 2381/91. He contends that his conviction of manslaughter and reckless endangerment arise from the same act mandating the imposition of concurrent rather than consecutive sentences (see, Penal Law § 70.25 [2]). We disagree.

After acknowledging his agreement to the imposition of consecutive prison terms, the defendant gave an allocution with respect to the facts giving rise to the charges under

Indictment No. 2381/91. Since this testimony was offered in order to induce the prosecution and the court to accept the negotiated plea, premised on the imposition of consecutive sentences for separate acts, the defendant should not be permitted to take an inconsistent position on appeal *(cf., People v Abreu,* 184 AD2d 707, 710; *People v D'Amico,* 150 AD2d 276, *affd* 76 NY2d 877). In any event, on the merits, the defendant has not demonstrated that the imposition of consecutive sentences was improper under the circumstances of this case *(see, e.g., People v Day,* 73 NY2d 208; *People v Glass,* 179 AD2d 774; *People v Cahill,* 167 AD2d 411; *People v Creekmore,* 106 AD2d 260). Mangano, P. J., Balletta, Miller, Ritter and Santucci, JJ., concur.