■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROSHAWN SULLIVAN, Appellant. [604 NYS2d 262] —Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Marrus, J.), imposed March 12, 1991, upon his conviction of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon his plea of guilty, the sentence being an indeterminate term of 8⅓ to 25 years imprisonment for manslaughter in the first degree, to run consecutively to an indeterminate term of 1⅔ to 5 years imprisonment for criminal possession of a weapon in the second degree.

Ordered that the sentence is modified, on the law, by providing that the terms of imprisonment shall run concurrently with each other; as so modified, the sentence is affirmed.

We conclude that the imposition of consecutive terms of imprisonment violated Penal Law § 70.25 (2), as the transcript of the plea proceeding demonstrates that the two charges of which the defendant was convicted were based on the same act *(see, People v Ali,* 188 AD2d 476; *see also, People v Day,* 73 NY2d 208; *People v Jenkins,* 176 AD2d 348; *People v Kuey,* 155 AD2d 481). The defendant admitted that he and an accomplice were attempting to rob the victim and that his accomplice shot the victim when the latter resisted. Contrary to the People's contention, the record does not establish that the plea agreement was premised on the parties' specific understanding that the two offenses were separate acts *(cf., People v Streeter,* 198 AD2d 456). Accordingly, the defendant's sentence is modified to make the terms of imprisonment run concurrently with each other.

As modified, the defendant's sentence is neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80). Mangano, P. J., Bracken, Eiber, O'Brien and Pizzuto, JJ., concur.