■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY JONES, Appellant. [624 NYS2d 209] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (George, J.), rendered October 21, 1992, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During jury selection, the prosecutor alleged that the defendant, who is black, had purposefully discriminated in his exercise of peremptory challenges by excluding all six of the prospective white jurors from the panel *(see, Batson v Kentucky,* 476 US 79; *People v Kern,* 75 NY2d 638, 649-650, *cert denied* 498 US 824). Contrary to the defendant's contention, the Supreme Court properly determined that the race-neutral explanations offered by the defense counsel to rebut the prima facie showing of discrimination were inadequate with respect to two of the six jurors and the court properly seated the two jurors over the defendant's objection.

On appeal, we decline to disturb the court's finding that the explanation offered by the defense counsel for the challenges to the two jurors who were seated was not race-neutral. It is for the trial court to determine if the explanation was a mere pretext, and the resolution of this issue by the trial court is entitled to great deference *(see, People v Hernandez,* 75 NY2d 350, *affd* 500 US 352). Moreover, a party cannot rely upon a general assertion of good faith or a frivolous, arbitrary, or whimsical excuse *(see, Batson v Kentucky,* 476 US 79, 97-98, *supra; People v Duncan,* 177 AD2d 187, 193). Here, the defense counsel explained that his reason for challenging both jurors was based on the defendant's feeling that these were the types of individuals whom he felt would not be fair to him. The defendant failed to articulate case-related, specific reasons why he felt that the two jurors would not be fair to him and, thus, did not satisfy his burden under *Batson* of proffering a race-neutral, case-specific reason for challenging the two jurors *(see, People v Bozella,* 161 AD2d 775, 775-776). Accord-

ingly, the court did not err in seating these two jurors over the defendant's objection *(see, People v Kern, supra).*

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we conclude that there was legally sufficient evidence to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The sentence imposed was neither unduly harsh nor excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions, including those raised in his *pro se* supplemental brief, are either unpreserved for appellate review or without merit. Lawrence, J. P., Santucci, Friedmann and Florio, JJ., concur.