■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD MOTEN, Appellant. [639 NYS2d 450]

Contrary to the defendant's contention, the trial court properly seated three white panelists who were peremptorily challenged by the defense upon the court's determination that the explanations for the challenges volunteered by the defendant's counsel constituted mere pretexts for racial discrimination *(see, Batson v Kentucky,* 476 US 79; *People v Kern,* 75 NY2d 638, *cert denied* 498 US 824; *see generally, People v Richie,* 217 AD2d 84). Since the trial court's resolution of this issue is entitled to great deference, and the record supports its findings in this case, we decline to disturb the court's determination in this regard *(see, People v Hernandez,* 75 NY2d 350, *affd* 500 US 352; *People v Jones,* 213 AD2d 677; *People v Payne,* 213 AD2d 565; *People v Jupiter,* 210 AD2d 431; *People v Guess,* 208 AD2d 559).

Similarly unavailing is the defendant's contention that the trial court erred in imposing consecutive sentences for the two criminal offenses of which he was convicted. The record supports the conclusion that these offenses were not committed through a single act *(see,* Penal Law § 70.25 [2]). Rather, following the completion of the acts which resulted in the murder, the defendant continued to commit further unlawful actions with the weapon *(see, People v Day,* 73 NY2d 208; *People v Cahill,* 167 AD2d 411).

The defendant's remaining contentions are unpreserved for appellate review or without merit. Rosenblatt, J. P., Miller, Ritter and Sullivan, JJ., concur.