■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES JOHNSON, Appellant. [691 NYS2d 922] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Demarest, J.), rendered March 13, 1997, convicting him of robbery in the first degree, attempted assault in the second degree, criminal possession of a weapon in the second

degree, and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant has not preserved for appellate review his contention that the identification testimony was legally insufficient to establish his guilt beyond a reasonable doubt (*see,* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10; *People v Udzinski,* 146 AD2d 245, 250). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence (*see,* CPL 470.15 [5]).

The trial court properly charged attempted assault in the second degree as a lesser-included offense of attempted murder in the second degree, because a reasonable view of the evidence supported the conclusion that the defendant committed the lesser offense, but did not commit the greater offense (*see,* CPL 300.50 [1]; *People v Butler,* 84 NY2d 627; *People v Cabassa,* 79 NY2d 722, *cert denied sub nom. Lind v New York,* 506 US 1011; *People v Glover,* 57 NY2d 61; *People v Youmans,* 251 AD2d 436).

Moreover, the sentence was neither excessive nor illegal (*see,* Penal Law § 70.25 [2]; *People v Moten,* 225 AD2d 635; *People v Nelson,* 179 AD2d 784; *People v Cahill,* 167 AD2d 411; *People v Suitte,* 90 AD2d 80). Ritter, J. P., Thompson, Altman and Friedmann, JJ., concur.