■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBY CABRERA, Appellant. [701 NYS2d 402] —Judgment, Supreme Court, New York County (Patricia Williams, J.), rendered November 21, 1996, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the

third degree and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years, unanimously modified, on the law, the conviction for criminal possession of a controlled substance in the third degree vacated and that charge remanded for a new trial, and otherwise affirmed.

An undercover officer observed defendant hand a third party several glassines of heroin in exchange for money. When the officer solicited two glassines, defendant insisted that the putative buyer first snort some heroin and, upon the officer refusing, defendant walked away without consummating that sale. When the backup team approached defendant, he ran, discarding 20 glassines of heroin, comprising item 2 of People's Exhibit 1, during his flight. This gave rise to Count 2, charging defendant with criminal possession of a controlled substance in the third degree. When defendant was apprehended, he had an additional three glassines of heroin, comprising item 1 of People's Exhibit 1, on his person and two $20 bills in his pocket. This gave rise to Count 1, charging defendant with criminal sale of a controlled substance in the third degree. Eight glassines of heroin were recovered from defendant's underwear at the precinct. Defendant testified that he was an addict who snorted several bags of heroin daily, that he carried the drugs only for his own use, that he had purchased, rather than sold, the heroin, and that he had resisted the advances of a stranger who turned out to be the undercover officer. The evidence sufficiently proves the charges. However, procedural concerns require a reversal of the criminal possession conviction.

After summations and submissions of the final charges to the jury, counsel requested submission of criminal possession of a controlled substance in the seventh degree as a lesser included offense of the third-degree possessory offense. The court refused, not on any statutory basis, but because the timing of the request contravened the court's policy. The record supports defense counsel's representation that, in fact, he had previously indicated to the court's Law Secretary that the request might be made, but that counsel would have to hear defendant's testimony first. The People concede that if the request had been timely made, defendant would have been entitled to the charge. Although we have stated that "it is manifestly preferable that both counsel know all the charges to be submitted to the jury before summations" (*People v Noguera*, 102 AD2d 775, *lv denied* 63 NY2d 777; *see*, CPL 300.10 [4], in light of CPL 300.30 [1]), we also have noted that "the statute appears to authorize such request to be made by counsel at any time prior to the submission of the case to the jury" (*People*

*v Noguera, supra; see also, People v Davis*, 181 AD2d 411; CPL 300.10 [1]; 300.50 [2]), and the Court of Appeals has characterized this "as a general rule" (*People v Duncan*, 46 NY2d 74, 80, *cert denied* 442 US 910), which also reflects the practice in the Second Department (*People v Hanley*, 87 AD2d 850). In the present case, there is no indication that the timing of the request manifested an abusive practice, or that granting it would have prejudiced the People. Under the circumstances of this case, the charge should have been given to the jury. In reversing and remanding this charge for trial, the remaining charge of which defendant was convicted remains unaffected, insofar as it depended on a different item of evidence. Concur—Tom, J. P., Andrias, Saxe and Friedman, JJ.