■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT RYAN, Appellant. [865 NYS2d 146]—

Mercure, J.P. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered October 14, 2005 in Albany County, upon a verdict convicting defendant of the crime of assault in the second degree.

Defendant was charged in an indictment with assault in the first degree, assault in the second degree and criminal possession of a weapon in the fourth degree. The charges arose from an incident in which a fistfight broke out after defendant and the victim engaged in a game of "beer pong" at a party. The victim left and, approximately 10 minutes later, defendant departed with his girlfriend in her car. When they saw the victim walking down the street, they stopped, defendant got out of the car and said, "hey, motherf . . . r, let's finish this fight." He then walked over to the victim, who punched him in the face and, after the two exchanged blows, defendant stabbed the victim. The fight stopped when someone came out of a house and broke it up. Unaware of the severity of his injuries, the victim resumed his walk home.

When he began to have trouble breathing and discovered that he was bleeding profusely, the victim went to the hospital. While there, he felt a bulge protruding from his waist area and lifted his shirt to find his "guts were hanging out." The victim was treated for superficial lacerations to his chest and forearms, and underwent surgery to repair a laceration to his abdomen through which his small intestine was protruding, as well as injuries to the intestine itself.

Following a suppression hearing, County Court (Herrick, J.) concluded that defendant's statements to police were admissible but that the knife seized from him would not be admitted. The matter then proceeded to a jury trial in Supreme Court (Lamont, J.), at the close of which defendant was convicted of assault in the second degree and acquitted of all other charges. He was subsequently sentenced to three years in prison, to be followed by 1½ years of postrelease supervision. Defendant appeals, and we now reverse.

Initially, we reject defendant's arguments that the evidence

was legally insufficient to support his conviction and that the verdict was against the weight of the evidence. To prove assault in the second degree, the People must establish, as relevant here, that a defendant "recklessly cause[d] serious physical injury to another person by means of a deadly weapon or a dangerous instrument" (Penal Law § 120.05 [4]). Defendant argues that the People failed to prove that the victim suffered a "serious physical injury," which is defined as a "physical injury which creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ" (Penal Law § 10.00 [10]). The record reveals, however, that although the victim was conscious and initially able to communicate with hospital personnel, the knife had penetrated through his abdominal wall, lacerating his small intestine and causing it to protrude from the abdomen—an emergency situation and serious, life-threatening medical problem. As a result, the victim required surgery and hospitalization, and now suffers from disfigurement in the form of scarring, as well as pain—described as feeling "like a piece of glass running through [his] body"—when he eats. In our view, this evidence was legally sufficient to establish that the victim suffered a "serious physical injury" within the meaning of Penal Law § 10.00 (10); nor can it be said under these circumstances that the verdict was against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Coon*, 34 AD3d 869, 870-871 [2006]; *People v Johnson*, 23 AD3d 686, 687-688 [2005], *lv denied* 6 NY3d 895 [2006]; *People v Barnett*, 16 AD3d 1128, 1129 [2005], *lv denied* 4 NY3d 883 [2005]; *see also People v Prince*, 51 AD3d 1052, 1054-1055 [2008], *lv denied* 10 NY3d 938 [2008]; *cf. People v Gray*, 30 AD3d 771, 772-773 [2006], *lv denied* 7 NY3d 848 [2006]; *People v Sleasman*, 24 AD3d 1041, 1042-1043 [2005]; *People v Horton*, 9 AD3d 503, 504-505 [2004], *lv denied* 3 NY3d 707 [2004]).

We are similarly unpersuaded by defendant's contention that his oral and written statements to police—which were given after defendant was read his *Miranda* warnings—should have been suppressed, in addition to the knife that was seized, because there was no pronounced break in the police interrogation. Contrary to defendant's argument, the evidence at the suppression hearing established that the seizure of the knife occurred at defendant's residence, and that approximately two hours passed between the seizure and the time that defendant gave his statement at the precinct. During that time, defendant traveled to the police station, where his friends were interviewed while he waited in the booking area. We note that defendant

went willingly to the police station and agreed to speak to police after receiving his *Miranda* warnings, and that the circumstances surrounding the earlier violation—the officer simply indicated that he knew defendant had a knife and demanded that defendant retrieve it—were different in nature and method from the later interrogation at the station. Thus, "there was a sufficiently 'definite, pronounced break in the interrogation' to dissipate the taint from the *Miranda* violation," and County Court properly determined that the subsequent statements were admissible (*People v Paulman*, 5 NY3d 122, 131 [2005], quoting *People v Chapple*, 38 NY2d 112, 115 [1975]; *see People v Hicks*, 226 AD2d 938, 939-940 [1996], *lv denied* 88 NY2d 937 [1996]; *cf. People v Hall*, 41 AD3d 880, 883 [2007], *lv denied* 9 NY3d 876 [2007]; *People v Durrin*, 32 AD3d 665, 668 [2006]).

Also unavailing is defendant's argument that Supreme Court erred in denying his request to instruct the jury on the justification defense. "Although the record must be considered in the light most favorable to the accused, a court need not charge justification if no reasonable view of the evidence establishes the elements of the defense" (*People v Reynoso*, 73 NY2d 816, 818 [1988] [citations omitted]). Particularly relevant here, the justification defense is not available where the defendant was the initial aggressor, or where deadly physical force was used—as in this case (*see People v Jones*, 24 AD3d 815, 816 [2005], *lv denied* 6 NY3d 777 [2006]; *People v Mothon*, 284 AD2d 568, 569 [2001], *lv denied* 96 NY2d 865 [2001])—and the defendant knows he or she can safely retreat (*see* Penal Law § 35.15 [1] [b]; [2] [a]; *People v Petty*, 7 NY3d 277, 285 [2006]; *People v Grady*, 40 AD3d 1368, 1371 [2007], *lv denied* 9 NY3d 923 [2007]). Inasmuch as there is no reasonable view of the evidence under which the jury could conclude that defendant was not the initial aggressor in the street encounter or that he lacked an available avenue of safe retreat, Supreme Court properly refused defendant's request (*see People v Reynoso*, 73 NY2d at 818; *People v Grady*, 40 AD3d at 1372-1373).

We agree with defendant, however, that Supreme Court committed reversible error in refusing to charge the lesser included offense of assault in the third degree. A defendant who requests that a lesser included offense be submitted to the jury is entitled to the charge if (1) "it is impossible to commit the greater crime without concomitantly committing the lesser offense by the same conduct" and (2) "there [is] a reasonable view of the evidence to support a finding that the defendant committed the lesser offense but not the greater" (*People v Van Norstrand*, 85 NY2d 131, 135 [1995]; *see People v Miller*, 6 NY3d 295, 302

[2006]). Here, while the court was giving the jury charge, defendant requested that the court also charge reckless assault in the third degree, i.e., that defendant "recklessly cause[d] physical injury" to the victim (Penal Law § 120.00 [2]), which is a lesser included offense of assault in the first degree (*see* Penal Law § 120.10 [1]). Notably, the elements of reckless assault in the third degree, i.e., recklessness and physical injury, were present in other lesser included charges to be submitted *at the People's request* (*see* Penal Law § 120.05 [2], [4]). Indeed, given the People's implicit concession that those elements should have been charged to the jury, the court concluded that a reasonable view of the evidence supported a finding that defendant committed the lesser but not the greater offense. Nevertheless, the court rejected defendant's charge-down request solely on the ground that it was untimely.

While "[a]s a general rule requests for submission of lesser included offenses should be made prior to the summations . . . , whe[n] a defendant requests submission of a lesser included offense before the jury retires for deliberations, the request cannot be rejected as untimely" (*People v Hanley*, 87 AD2d 850, 851 [1982]; *see* CPL 300.50 [1]; *People v Cabrera*, 268 AD2d 316, 317-318 [2000], *lv denied* 94 NY2d 945 [2000]; *People v McInnis*, 179 AD2d 781, 782 [1992], *lv denied* 79 NY2d 1004 [1992]; *People v Noguera*, 102 AD2d 775, 775 [1984], *lv denied* 63 NY2d 777 [1984]; *cf. People v Duncan*, 46 NY2d 74, 80 [1978], *cert denied* 442 US 910 [1979]). Under the circumstances here and particularly in light of the People's charge-down requests, defendant was also entitled to the lesser included instruction that he requested, and we are constrained to reverse and remit for a new trial on the charge of assault in the second degree under Penal Law § 120.05 (4) (*see People v Devonish*, 6 NY3d 727, 728 [2005]; *People v Van Norstrand*, 85 NY2d at 136; *cf. People v Burnett*, 270 AD2d 901, 901 [2000], *lv denied* 95 NY2d 851 [2000]).*

Spain, Carpinello, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the Supreme Court for a new trial.

---

* It is unclear whether defendant also seeks to argue that assault in the third degree pursuant to Penal Law § 120.00 (3), which involves a mens rea of criminal negligence, should have been charged to the jury. To the extent that he does so argue, we reject his assertions in this regard inasmuch as there is no reasonable view of the evidence that defendant acted with criminal negligence (*see* Penal Law § 15.05 [4]).