Appeal from a judgment of the Erie County Court (Timothy J. Drury, J.), rendered November 3, 2006. The judgment convicted defendant, upon a jury verdict, of assault in the first degree, assault in the second degree (two counts) and attempted assault in the second degree.
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him after a jury trial of, inter alia, assault in the first degree (Penal Law § 120.10 [1]) and two counts of assault in the second degree (§ 120.05 [2]). We reject the contention of defendant that County Court erred in denying his request to charge certain reckless assault crimes as lesser included offenses of the intentional assault crimes. The record establishes that, at the charge conference, defense counsel stated that he was not requesting that the court charge any lesser included offenses. The record further establishes that, following the conclusion of the prosecutor’s summation, defense counsel then asked the court to charge the reckless assault crimes in question. Although *1154 defendant’s request to charge those lesser included offenses was timely made (see CPL 300.10 [5]; People v Cabrera, 268 AD2d 316, 317-318 [2000], lv denied 94 NY2d 945 [2000]; People v Mc-Innis, 179 AD2d 781, 782 [1992], lv denied 79 NY2d 1004 [1992]; People v Sztuk, 126 AD2d 950 [1987], lv denied 69 NY2d 887 [1987]; People v Hanley, 87 AD2d 850, 851 [1982]), we conclude under the circumstances of this case that the court properly exercised its discretion in determining that such a charge would result in prejudice to the People and would negatively affect the efficient administration of the trial. We further reject the contention of defendant that defense counsel’s failure to request the charge prior to summations deprived him of his right to effective assistance of counsel (see generally People v Baldi, 54 NY2d 137, 147 [1981]). Defendant has failed “ ‘to demonstrate the absence of strategic or other legitimate explanations’ for [defense] counsel’s alleged shortcomings” (People v Benevento, 91 NY2d 708, 712 [1998]).
Contrary to defendant’s further contention, the conviction is supported by legally sufficient evidence. Viewing the evidence in the light most favorable to the prosecution, as we must (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that there is a “ ‘valid line of reasoning and permissible inferences from which a rational jury could have found the elements of the crime[s] proved beyond a reasonable doubt’ ” (People v Danielson, 9 NY3d 342, 349 [2007], quoting People v Acosta, 80 NY2d 665, 672 [1993]). Also contrary to defendant’s contention, the verdict is not against the weight of the evidence (see generally Danielson, 9 NY3d at 348-349; People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant further contends that the court erred in denying his motion to set aside the verdict pursuant to CPL 330.30 (3), which motion was based on the discovery by defendant after the trial that a videotape of his booking procedure had at one time existed. According to defendant, the videotape would have established that he was intoxicated at the time of the booking procedure. We reject the contention of defendant that the court erred in denying his motion. Although the videotape had been destroyed pursuant to standard police policy, we conclude in any event that the videotape, which had no audio component, would have been merely cumulative of the police testimony at trial concerning defendant’s intoxication. It thus cannot be said that the videotape was “of such character as to create a probability that had such evidence been received at the trial the verdict would have been more favorable to the defendant” (CPL 330.30 [3]; see People v Wright, 43 AD3d 1359, 1360 [2007], lv denied 9 *1155 NY3d 1011 [2007]; People v McCullough, 275 AD2d 1018, 1019 [2000], lv denied 95 NY2d 936 [2000]). Finally, the sentence is not unduly harsh or severe. Present—Scudder, EJ., Martoche, Fahey, Peradotto and Gorski, JJ.