*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: March 12, 2015                    104733
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

TWALESHA PINE,
                        Appellant.
_____

Calendar Date: January 13, 2015

Before: Peters, P.J., Rose, Egan Jr. and Clark, JJ.

_____

        James P. Milstein, Public Defender, Albany (Theresa M. Suozzi of counsel), for appellant.

        P. David Soares, District Attorney, Albany (Vincent Stark of counsel), for respondent.

_____

Egan Jr., J.

        Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered January 12, 2011, upon a verdict convicting defendant of the crimes of attempted assault in the first degree, assault in the second degree, criminal possession of a weapon in the fourth degree and endangering the welfare of a child (three counts).

        In or about 2001 or 2002, the victim began what she characterized as an on-and-off relationship with Peter Davis, who subsequently fathered the eldest of the victim's two daughters. Although Davis thereafter became involved with defendant, the victim and Davis remained cordial and, on the afternoon of May 24, 2010, the victim and her daughters — then four years old and

two months old — went to Davis' apartment for what she contended was a prearranged visit. Upon arriving, Davis advised the victim that defendant and her young daughter, the latter of whom also was fathered by Davis, were present in the apartment.

According to the victim, as she placed her infant daughter on the floor of the apartment in a car seat, defendant began muttering to herself — questioning the paternity of the victim's eldest child. A verbal altercation ensued, during the course of which, the victim testified, defendant went into the kitchen, opened a cabinet, pulled out a folding knife with a blade measuring approximately five inches in length and approached the victim and said, "Let's go outside, bitch" — adding, "[I]f we were in Jamaica I would have stabbed you by now or killed you." At this point, according to the victim, Davis, who had been in the shower, entered the room and attempted to intervene. When defendant kicked over the car seat containing the victim's infant daughter, the victim reached for defendant and Davis restrained her. As Davis was holding the victim's wrists, defendant reached around Davis and began stabbing the victim, ultimately striking her in the head, neck, chest and back. The victim initially was evaluated at Albany Memorial Hospital but, due to the potentially serious nature of her neck wound, subsequently was transferred to a trauma center for further evaluation.

Defendant thereafter was indicted and charged with attempted assault in the first degree, assault in the second degree, criminal possession of a weapon in the fourth degree and three counts of endangering the welfare of a child.[1] Following a jury trial, defendant was convicted as charged[2] and thereafter

_____

[1] Davis apparently was charged with unlawful imprisonment as a result of this incident.

[2] Although count 2 of the indictment charging assault in the second degree incorporated the statutory language set forth in Penal Law § 120.05 (2) (intent to cause physical injury by means of a dangerous instrument), it erroneously cited Penal Law § 120.05 (1) (intent to cause serious physical injury). Following the close of proof, the People moved to amend the

was sentenced upon her conviction of attempted assault in the first degree to 3½ years in prison followed by 2½ years of postrelease supervision and to lesser, concurrent prison terms as to the remaining counts. This appeal by defendant ensued.

We affirm. Inasmuch as defendant failed to renew her motion to dismiss at the close of all proof, her challenge to the legal sufficiency of the evidence is not preserved for our review (see People v Robinson, 123 AD3d 1224, 1225 [2014]). "That said, our weight of the evidence [analysis] necessarily involves an evaluation of whether all elements of the charged crime[s] were proven beyond a reasonable doubt at trial" (People v Menegan, 107 AD3d 1166, 1169 [2013] [internal quotation marks and citations omitted]).

Insofar as is relevant here, "[a] person is guilty of assault in the first degree when . . . [w]ith intent to cause serious physical injury to another person, he [or she] causes such injury to such person . . . by means of a deadly weapon or a dangerous instrument" (Penal Law § 120.10 [1]). As applied to the matter before us, a serious physical injury includes a "physical injury which creates a substantial risk of death" (Penal Law § 10.00 [10]), and a dangerous instrument includes "any instrument, . . . which, under the circumstances in which it is used, attempted to be used or threatened to be used, is readily capable of causing death or other serious physical injury" (Penal Law § 10.00 [13]; see People v Johnson, 107 AD3d 1161, 1163 [2013], lv denied 21 NY3d 1075 [2013]). "Where the defendant is charged with an attempt crime, he or she need not succeed in causing a serious physical injury; rather, all that is required is that the defendant intended such injury and engaged in conduct directed at accomplishing that objective" (People v

indictment to correct this typographical error, and defense counsel consented to this amendment. As a result, the jury was charged – and correctly so – as to the elements of assault in the second degree under Penal Law § 120.05 (2), and defendant was convicted accordingly. This typographical error was repeated, however, in both the presentence investigation report and the uniform sentence and commitment form (see infra).

Argon, 106 AD3d 1126, 1128 [2013], lv denied 21 NY3d 1013 [2013] [internal quotation marks and citation omitted]; see Penal Law § 110.00; People v Johnson, 107 AD3d at 1162-1163). The requisite intent, in turn, may be inferred from the surrounding circumstances, including the defendant's "conduct and remarks" (People v Johnson, 107 AD3d at 1163; see People v Andrews, 78 AD3d 1229, 1231 [2010], lv denied 16 NY3d 827 [2011]). Thus, in order to find defendant guilty of attempted assault in the first degree, the People were required to prove that defendant intended to a inflict serious physical injury and engaged in conduct toward the victim that could have resulted in such injury through the use of a dangerous instrument (see generally People v Tucker, 91 AD3d 1030, 1032 [2012], lv denied 19 NY3d 1002 [2012]).[3]

Although no knife was recovered and no blood was found either in the apartment or on defendant's person, the victim testified that, following a verbal altercation, defendant walked to the kitchen in Davis' apartment, obtained a folding knife with a five-inch blade, invited the victim to step outside, indicated that she would have stabbed or killed the victim already if they were in defendant's country of origin and thereafter proceeded to reach around Davis — who by then had intervened in the altercation — to repeatedly stab the victim with the knife, striking her in the head, neck, back and chest. As to the injuries sustained, the People offered the testimony of the emergency room physician who evaluated the victim upon her arrival at Albany Memorial Hospital. While the physician ultimately characterized two of the four wounds sustained by the victim as superficial, the physician also testified that three of

---

[3] The fact that the injuries ultimately sustained by the victim may have only qualified as physical injuries (see Penal Law § 10.00 [9] [impairment of physical condition or substantial pain]) — as opposed to serious physical injuries (see Penal Law § 10.00 [10]) — is of no moment. All that is required to sustain a conviction of attempted assault in the first degree is proof that the defendant "intended to inflict serious physical injury and engaged in conduct toward the victim that could have resulted in serious physical injury . . . through use of a . . . dangerous instrument" (People v Tucker, 91 AD3d at 1032 [emphasis added]).

the four wounds had the potential to penetrate the victim's thoracic cavity and that, given the proximity of the victim's neck wound to her jugular vein and carotid artery (as depicted in the photographs contained in the record), any number of bodily structures (including the victim's lungs and trachea) or significant blood vessels could have been compromised, thereby warranting transferring the victim to a trauma center.

Defendant denied any involvement in the stabbing, disavowed any knowledge of a knife and contended that it was the victim who initiated the physical altercation, and both she and Davis — citing the lack of blood either in the apartment or on defendant herself — suggested that the victim's wounds were self-inflicted. This conflicting testimony, however, presented a credibility issue for the jury to resolve (see People v Foulkes, 117 AD3d 1176, 1177 [2014], lv denied 24 NY3d 1084 [2014]; People v Fernandez, 106 AD3d 1281, 1285-1286 [2013]). While a different verdict would not have been unreasonable, viewing the evidence in a neutral light and giving due deference to the jury's credibility determinations, we cannot say that the jury failed to accord the evidence the weight that it deserved (see People v Johnson, 107 AD3d at 1163). Accordingly, we discern no basis upon which to disturb the verdict convicting defendant of attempted assault in the first degree. We reach a similar conclusion with respect to defendant's conviction of assault in the second degree, which required the People to establish that, with intent to cause physical injury to the victim, defendant caused such injury by means of a dangerous instrument (see Penal Law § 120.05 [2]).

To the extent that defendant contends that her conviction of criminal possession of a weapon in the fourth degree also is against the weight of the evidence, we disagree. "A person is guilty of criminal possession of a weapon in the fourth degree when . . . [h]e [or she] possesses any . . . dangerous knife . . . or any other dangerous or deadly instrument or weapon with intent to use the same unlawfully against another" (Penal Law § 265.01 [2]). As noted previously, a dangerous instrument encompasses "any instrument, . . . which, under the circumstances in which it is used, attempted to be used or threatened to be used, is readily capable of causing death or other serious

physical injury" (Penal Law § 10.00 [13]), and a knife qualifies as a "dangerous knife" within the meaning of Penal Law § 265.01 (2) "when the circumstances of its possession, including the behavior of its possessor, demonstrate that the possessor . . . considered it a weapon" (People v Jackson, 38 AD3d 1052, 1054 [2007], lv denied 8 NY3d 986 [2007] [internal quotation marks and citation omitted]). Notably, "[a] defendant's mere possession of [a knife], while displaying it in an effort to instill fear, [is] itself presumptive evidence of his [or her] intent to use it unlawfully" (People v Taylor, 118 AD3d 1044, 1047 [2014], lv denied 23 NY3d 1043 [2014] [internal quotation marks and citations omitted]). Contrary to defendant's assertion, "the fact that the knife held by defendant during the incident was not recovered does not render . . . the verdict against the weight of the evidence" (People v Cohens, 81 AD3d 1442, 1444 [2011], lv denied 16 NY3d 894 [2011]) and, based upon the testimony previously recounted, we cannot say that the jury failed to accord the evidence the weight that it deserved with respect to this charge.

Defendant's remaining contentions, including her assertion that the verdict convicting her of endangering the welfare of a child (three counts) was against the weight of the evidence and that the sentence imposed was harsh and excessive, have been examined and found to be lacking in merit. That said, although the judgment of conviction is affirmed, the uniform sentence and commitment form erroneously indicates that defendant was convicted of assault in the second degree under Penal Law § 120.05 (1) instead of Penal Law § 120.05 (2) (see n 1, supra). Accordingly, this matter is remitted so that such document may be amended to accurately reflect the appropriate subdivision under which defendant was convicted (cf. People v Jones, 112 AD3d 991, 992 [2013], lv denied 23 NY3d 1039 [2014]).[4]

---

[4] Inasmuch as there is no indication that County Court relied upon the erroneous information contained in the presentence investigation report in imposing sentence, remittal to amend this report is not required (see People v Judd, 111 AD3d 1421, 1423 [2013], lv denied 23 NY3d 1039 [2014]).

Peters, P.J., Rose and Clark, JJ., concur.


        ORDERED that the judgment is affirmed, and matter remitted for entry of an amended uniform sentence and commitment form.




                    ENTER:

                    Robert D. Mayberger
                    Clerk of the Court