*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 23, 2015                     105567
_____

THE PEOPLE OF THE STATE OF
    NEW YORK
                        Respondent,
        v                                      MEMORANDUM AND ORDER

JAMES HILL,
                        Appellant.
_____

Calendar Date:  May 27, 2015

Before:  Peters, P.J., Lahtinen, Garry and Devine, JJ.

                    _____


        Allen & Desnoyers, LLP, Albany (George J. Hoffman Jr. of
counsel), for appellant.

        Robert M. Carney, District Attorney, Schenectady (Peter H.
Willis of counsel), for respondent.

                    _____


Devine, J.

        Appeal from a judgment of the Supreme Court (Milano, J.),
rendered August 31, 2012 in Schenectady County, upon a verdict
convicting defendant of the crime of assault in the second
degree.

        Defendant and his codefendant were charged in separate
indictments with offenses related to a bar fight wherein they
assaulted the bar's owner.  The indictments were consolidated
and, following a joint trial, both men were convicted of assault
in the second degree.  Supreme Court sentenced defendant, as a
second violent felony offender, to seven years in prison,
followed by five years of postrelease supervision.  The
codefendant appealed, and we recently affirmed his conviction

(People v Boddie, 126 AD3d 1129 [2015]).  Defendant's appeal is now before us, and we likewise affirm.

Defendant contends that the verdict was not supported by legally sufficient evidence and, moreover, was against the weight of the evidence.  As defendant acknowledges, the legal sufficiency argument is unpreserved, given his failure to renew his motion to dismiss at the close of all proof (see People v Boddie, 126 AD3d at 1132; People v Pine, 126 AD3d 1112, 1114 [2015]).  Nevertheless, his assertion that the trial evidence failed to establish that he intentionally injured the victim "by means of a . . . dangerous instrument" must be addressed as part of our weight of the evidence review (Penal Law § 120.05 [2]; see People v Boddie, 126 AD3d at 1132).  Defendant testified that he threw a bar stool that struck the victim in the legs, and a physician who examined the victim after the attack testified that he sustained abrasions to his legs and complained of left knee pain.  The victim was pinned to the floor during the assault and sustained further injuries when defendant repeatedly kicked him in the head, neck and chest.  Indeed, one eyewitness testified that defendant was "stomping [the victim] in the head." Defendant was wearing shoes when he did so, and it is clear that "[b]oots or shoes worn while kicking a victim can constitute a dangerous instrument under the assault statute" (People v Hines, 39 AD3d 968, 969 [2007], lv denied 9 NY3d 876 [2007]; see Penal Law § 10.00 [13]; People v Carter, 53 NY2d 113, 116-117 [1981]; People v Lappard, 215 AD2d 245, 245 [1995], lv denied 86 NY2d 737 [1995]).  Therefore, after assessing the evidence in a neutral light and according due deference to the jury's assessment of credibility, we perceive no basis to disturb the verdict (see People v Danielson, 9 NY3d 342, 348-349 [2007]; People v Archbold, 257 AD2d 676, 677-678 [1999], lv denied 93 NY2d 850 [1999]).

Defendant's remaining arguments do not require extended discussion.  Supreme Court properly rejected defendant's request to submit the lesser included offense of assault in the third degree to the jury because, even when viewed in a light most favorable to defendant, "the jury could not have reasonably concluded [from the trial evidence] that defendant 'committed the[] lesser offense[] but not the greater'" (People v Boddie,

126 AD3d at 1132, quoting <u>People v Brown</u>, 100 AD3d 1035, 1037 [2012], <u>lv denied</u> 20 NY3d 1009 [2013]).  Lastly, we perceive no circumstances in this case that would warrant a reduction in the sentence as harsh or excessive.  Supreme Court imposed the maximum sentence allowed, but that sentence appropriately took into account the nature of the present offense and defendant's prior criminal history (<u>see</u> <u>People v Brabham</u>, 126 AD3d 1040, 1044 [2015], <u>lvs denied</u> ___ NY3d ___ [June 15, 2015]; <u>People v Baugh</u>, 101 AD3d 1359, 1362-1363 [2012], <u>lv denied</u> 21 NY3d 911 [2013]).

    Peters, P.J., Lahtinen and Garry, JJ., concur.

    ORDERED that the judgment is affirmed.

        ENTER:

        Robert D. Mayberger
        Clerk of the Court