*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 3, 2015                    106652
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                  MEMORANDUM AND ORDER

WILLIAM A. RAMSEY,
                    Appellant.
_____

Calendar Date:  October 20, 2015

Before:  Peters, P.J., Lahtinen, Garry and Clark, JJ.

_____

        Frank A. Sarat, Homer, for appellant.

        Weeden A. Wetmore, District Attorney, Elmira (Damian M.
Sonsire of counsel), for respondent.

_____

Clark, J.

        Appeal from a judgment of the County Court of Chemung
County (Rich Jr., J.), rendered March 7, 2014, upon a verdict
convicting defendant of the crime of assault in the second
degree.

        Defendant was charged by indictment with assault in the
second degree stemming from an incident in July 2012 where he
allegedly ran over his girlfriend, Deborah Meyer, with a pickup
truck.  During a jury trial, defendant successfully objected to a
witness testifying that defendant directed obscenities at Meyer
minutes following that accident and such testimony was stricken
from the record.  During summation, the People referred to this
stricken testimony without objection from defendant.  Following
the trial, the jury found defendant guilty as charged and he was

sentenced to seven years in prison, to be followed by five years of postrelease supervision.  Defendant now appeals and, finding that defendant was deprived of the effective assistance of counsel, we reverse.

"To prevail on his ineffective assistance of counsel claim on the basis of [a] single failure to object, defendant must show both that the objection omitted by trial counsel is a winning argument . . . and that the objection was one that no reasonable defense lawyer, in the context of the trial, could have thought to be 'not worth raising'" (People v Brown, 17 NY3d 742, 743-744 [2011], quoting People v Turner, 5 NY3d 476, 481 [2005]).  In our view, defendant has met his burden of demonstrating a lack of strategic or other legitimate reason for his defense lawyer's failure to object (see People v Rivera, 71 NY2d 705, 709 [1988]) and, accordingly, a new trial is warranted.

Here, during direct examination by the People, the witness testified that he heard defendant yell, "I hope you f***ing die, bitch."  Finding that this testimony went to defendant's state of mind, County Court overruled counsel's objection and permitted the statement into evidence.  The witness then testified that he assumed defendant was directing such comment toward Meyer.  Upon defendant's further objection, County Court held that the witness could not speculate as to whom defendant had directed his comment, and the witness's testimony in that regard was stricken from the record.  Despite this evidentiary ruling, during summation, the People twice made improper references to the stricken testimony and twice those references went without objection from defense counsel or curative instructions from the court.[1]  Specifically, at one point during closing argument the prosecutor stated, "If this was some sort of an accident, then why would the defendant scream at [Meyer], I hope you f***ing die, bitch?  Is that consistent with an accident or is that consistent with an intent to injure?  If you accidentally just ran over your significant other, is that what you would say to

---

[1]  Under these circumstances, we find that a sua sponte curative instruction by County Court was warranted (see People v Colvin, 37 AD3d 856, 858 [2007], lv denied 8 NY3d 944 [2007]).

them?"

In light of County Court's prior ruling, an objection by defense counsel to these improper comments should have been granted (see People v Ashwal, 39 NY2d 105, 109-110 [1976]). Moreover, inasmuch as the evidence of defendant's guilt was not overwhelming — especially with respect to the element of intent, which "may be inferred from the surrounding circumstances, including the defendant's conduct and remarks" (People v Pine, 126 AD3d 1112, 1114 [2015] [internal quotation marks omitted; emphasis added]; see People v Johnson, 107 AD3d 1161, 1163 [2013], lv denied 21 NY3d 1075 [2013]) — we find that no reasonable defense lawyer could have thought that such an objection would not have been worth making. Given the detrimental effect that discussion of the stricken evidence had on defendant, we determine that the prosecutor's comments were so substantially prejudicial that they deprived defendant of a fair trial. As such, despite his otherwise appropriate legal representation, defense counsel's failure to object to the People's improper summation constituted the ineffective assistance of counsel (see People v Turner, 5 NY3d at 480).

In light of our decision, we need not consider defendant's remaining contention.

Peters, P.J., Lahtinen and Garry, JJ., concur.


ORDERED that the judgment is reversed, on the law, and matter remitted to the County Court of Chemung County for a new trial.



ENTER:

Robert D. Mayberger
Clerk of the Court