## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  April 14, 2016                    106748
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

            v                               MEMORANDUM AND ORDER

KEVIN J. HOPKINS,
                        Appellant.
_____

Calendar Date:  February 19, 2016

Before:  Peters, P.J., Garry, Rose, Lynch and Clark, JJ.

_____

        Samuel D. Castellino, Big Flats, for appellant.

        Kirk O. Martin, District Attorney, Owego (Palmer J. Pelella of counsel), for respondent.

_____

Rose, J.

        Appeal from a judgment of the County Court of Tioga County (Keene, J.), rendered March 10, 2014, upon a verdict convicting defendant of the crimes of burglary in the second degree, attempted assault in the third degree and endangering the welfare of a child (two counts).

        Defendant was charged in connection with an incident where he and another individual entered a residence and attacked a male victim — an acquaintance of defendant — in the presence of the victim's fiancée and her two young children.  Following a jury trial, defendant was convicted of one count of burglary in the second degree, one count of attempted assault in the third degree and two counts of endangering the welfare of a child.  He was subsequently sentenced, as a second felony offender, to an

aggregate prison term of eight years, followed by five years of postrelease supervision.[1]  Defendant now appeals.

Defendant's conviction was not against the weight of the evidence.  At trial, the People presented the testimony of the victim, who stated that, on the date of the incident, he sent a text message to defendant stating, "I don't want you . . . around my house or my kids anymore."  Shortly thereafter, defendant responded by entering the victim's home without knocking or ringing the doorbell, rushing at the victim and punching him three times in the head and face, "right in front of [his fiancée's] kids."  According to the victim, the third punch knocked him unconscious, and the attack caused him to suffer a broken nose, two black eyes and a chipped tooth.  The victim's fiancée, an eyewitness to the incident, also testified at trial and largely corroborated the victim's story, including the details of defendant's unannounced entry into the residence, the specifics of the attack and the fact that her children were present when it occurred.  The fiancée further testified that, after defendant's first punch, she told defendant he needed to leave, and he responded that she should take her children out for a walk.

In response, defendant contends that the victim and the fiancée were incredible witnesses because of various inconsistencies between their initial statements to police, their grand jury testimony and their testimony at trial.  However, "the conflicts and inconsistencies in the testimony," which were thoroughly explored by defense counsel during cross-examination, "created 'classic credibility issue[s] for the jury to resolve'" (People v Brabham, 126 AD3d 1040, 1043 [2015], lv denied 25 NY3d 1160 [2015], quoting People v Mitchell, 57 AD3d 1308, 1309 [2008]; see People v McCray, 102 AD3d 1000, 1003-1004 [2013], affd 23 NY3d 193 [2014]).  Thus, after "weighing the evidence and

_____

[1]  Defendant also pleaded guilty to unlawful manufacture of methamphetamine in the third degree in satisfaction of a separate indictment not at issue on appeal.  His sentence for that conviction runs concurrently with the sentence associated with the judgment on appeal.

conflicting accounts of the [incident] in a neutral light and according deference to the jury's first-hand credibility assessments," we find that the verdict is in accord with the weight of the evidence (People v Simmons, 111 AD3d 975, 978 [2013], lv denied 22 NY3d 1203 [2014]; see People v Capers, 129 AD3d 1313, 1315 [2015]; People v Pine, 126 AD3d 1112, 1115-1116 [2015]).

Defendant's challenge to County Court's Sandoval ruling is unpreserved for our review, as he failed to object to it at the pretrial hearing (see People v Phillips, 55 AD3d 1145, 1147-1148 [2008], lv denied 11 NY3d 899 [2008]; People v Johnson, 213 AD2d 791, 793 [1995], lv denied 85 NY2d 975 [1995]). Finally, there is no merit to defendant's claim that his sentence was unduly harsh or excessive. In imposing the sentence, which was well below the statutory maximum, County Court appropriately considered a number of favorable factors, as well as the violent nature of defendant's actions and his lengthy criminal record. In short, our review reveals no abuse of discretion or extraordinary circumstances warranting a sentence reduction (see People v Francis, 83 AD3d 1119, 1123 [2011], lv denied 17 NY3d 806 [2011]; People v Rose, 72 AD3d 1341, 1346 [2010], lv denied 16 NY3d 745 [2011]).

Peters, P.J., Garry, Lynch and Clark, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court