Mulvey, J.
Appeal from a judgment of the County Court of Columbia County (Koweek, J.), rendered March 2, 2015, upon a verdict convicting defendant of the crime of assault in the second degree.
Defendant was charged by indictment with one count of assault in the second degree based on allegations that in May 2014 he attacked and stabbed a taxicab driver (hereinafter the victim) after the victim refused service to defendant. Following a jury trial, defendant was convicted as charged and sentenced to seven years in prison followed by three years of postrelease supervision. Defendant now appeals. We affirm.
Defendant asserts that the verdict was not supported by legally sufficient evidence and was against the weight of the evidence. Although defendant moved to dismiss on specific *1300 grounds after the People rested, he failed to renew his motion at the close of his case-in-chief. As such, his challenge to the legal sufficiency of the evidence is not preserved for our review (see People v Hill, 130 AD3d 1305, 1305 [2015], lv denied 27 NY3d 999 [2016]; People v Pine, 126 AD3d 1112, 1114 [2015], lv denied 27 NY3d 1004 [2016]). However, our weight of the evidence analysis requires us to examine the evidence to see if every element of the charged crime is proven beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 348 [2007]; People v Jones, 136 AD3d 1153, 1156 [2016], lv dismissed 27 NY3d 1000 [2016]). “If based on all the credible evidence a different finding would not have been unreasonable, then [we] must, like the trier of the fact below, weigh the relative proba-, tive force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony” (People v Bleakley, 69 NY2d 490, 495 [1987] [internal quotation marks and citations omitted]). We find that acquittal was a reasonable possibility given defendant’s presentation of an alibi witness.
The victim testified that he picked up defendant as a fare, and, after defendant got into his cab, he recognized him as someone who had not paid for cab fare on at least two previous occasions. After the victim told defendant that he did not want him in the cab, a verbal exchange escalated until defendant threatened to punch the victim in the face. The victim stopped the cab, exited and retreated toward the front of the cab. He was pursued by defendant who raised his arm to strike the victim. As the victim raised his arm defensively, defendant struck the victim’s arm with a knife. Defendant folded up the knife and left the scene. The emergency room doctor who treated the victim testified that the victim’s injury was a deep laceration to the left wrist with injury to a tendon, consistent with a knife wound. The defense presented only one witness, a female friend of defendant, who testified that, at the time of the alleged attack, she was with defendant and that they were at her home in bed.
In order to prove defendant guilty of assault in the second degree, the People were required to prove that, with intent to cause physical injury to another person, defendant caused such injury by means of a dangerous instrument (see Penal Law § 120.05 [2]). “‘Physical injury’ means impairment of physical condition or substantial pain” (Penal Law § 10.00 [9]). The victim testified that the wound “was the worst pain I ever had” and “[i]t was a lot of pain,” and a medical doctor confirmed the severity of the injury. In our view, this testimony constitutes *1301 proof of those elements of the crime requiring a physical injury and substantial pain (see People v Chiddick, 8 NY3d 445, 447 [2007]).
Defendant focuses his argument on whether the folding knife, as described by the victim, is a “dangerous instrument” within the meaning of the statute (see Penal Law § 10.00 [13]). A dangerous instrument includes any instrument or article that, under the circumstances in which it is used, “is readily capable of causing death or other serious physical injury” (Penal Law § 10.00 [13]; see People v Pine, 126 AD3d at 1114; People v Taylor, 118 AD3d 1044, 1045 [2014], lv denied 23 NY3d 1043 [2014]). “Serious physical injury” is defined as “physical injury which creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ” (Penal Law § 10.00 [10]). Something can be a dangerous instrument depending on its use at the time (see People v Carter, 53 NY2d 113, 116 [1981]). The medical description of the victim’s injury gave the jury a basis to estimate the knife’s size and penetrating power. Since it was sharp enough to penetrate the victim’s wrist and cut a tendon, the jury could rationally infer that such an instrument was capable of causing serious physical injury if applied with force to other areas of the body. Finally, defendant’s intent to cause injury was a factual question for the jury, which could infer such from defendant’s conduct and the circumstances of the assault (see People v Harden, 134 AD3d 1160, 1163 [2015], lv denied 27 NY3d 1133 [2016]). Based on our review of the record, the jury’s verdict was not against the weight of the evidence since “it was within the jury’s province to credit the testimony of the victim” (People v Soriano, 121 AD3d 1419, 1421 [2014]) and not the contradictory testimony of the alibi witness.
Defendant next asserts that County Court erred when it allowed the victim to testify that defendant had, on prior occasions, failed to pay for his cab fare — an uncharged crime. Evidence of uncharged crimes “may be admitted where it falls within the recognized Molineux exceptions” including “where such proof is inextricably interwoven with the charged crime [ ] [and] provides necessary background or completes a witness’s narrative” (People v Nicholas, 130 AD3d 1314, 1316 [2015] [internal quotation marks, brackets and citation omitted]). “[T]he value of the evidence [must] clearly outweigh [ ] any possible prejudice” (id. at 1316 [internal quotation marks and citations omitted]). The People successfully moved, prior to the *1302 start of the trial, for leave to elicit this testimony from the victim. Because defendant employed an alibi defense, we find that the victim’s testimony describing these prior incidents was necessarily interwoven into his narrative of the event and provides the explanatory background for the escalating verbal exchange between the victim and defendant (see People v Crandall, 67 NY2d 111, 116 [1986]). While County Court’s ruling on the issue did not describe the requisite balancing test in the record, “[s]uch an analysis may be implied where, as here, a court limits the admission of the evidence based upon a record that includes defense counsel’s [objections] to a Molineux application” (People v Scaringe, 137 AD3d 1409, 1417 [2016], lv denied 28 NY3d 936 [2016]) and the record “reflects that County Court was aware of its obligation to balance the probative value of such evidence against its prejudicial effect” (People v Brown, 128 AD3d 1183, 1186 [2015], lv denied 27 NY3d 993 [2016]).
Next, defendant’s argument that the indictment was defective is not preserved for our review since he failed to move for dismissal in County Court. This issue can only be raised on appeal for the first time if the indictment is jurisdictionally defective (see People v Iannone, 45 NY2d 589, 600 [1978]; People v Burch, 97 AD3d 987, 988 [2012], lv denied 19 NY3d 1101 [2012]). Defendant contends that the indictment must be dismissed because it was not signed by the District Attorney. The indictment was signed by the foreperson of the grand jury (see CPL 200.50 [8]) and the name of the District Attorney was typed on the same page, below a signature line. Although the absence of the District Attorney’s actual signature on the indictment may be a technical violation of the statute and is not condoned as a routine practice (see People v Stauber, 307 AD2d 544, 545 [2003], lv denied 100 NY2d 599 [2003]), we do not find that this technical violation was jurisdictional (see People v Striplin, 48 AD3d 878, 879 [2008], lv denied 10 NY3d 871 [2008]).
Lastly, we find that the sentence was not harsh or excessive. “The determination of an appropriate sentence requires the exercise of discretion after due consideration given to, among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of the penal sanction” (People v Farrar, 52 NY2d 302, 305 [1981] [citations omitted]). “A sentence which falls within the statutory parameters will not be disturbed on appeal absent evidence of a clear abuse of discretion or the existence of extraordinary circumstances” (People v Lanfair, 18 AD3d 1032, 1034 [2005] *1303 [citations omitted], lv denied 5 NY3d 790 [2005]). In view of defendant’s conduct attacking a taxicab driver with a knife under the circumstances presented here, and defendant’s extensive criminal background, including the escalating seriousness of his crimes, “we perceive no abuse of discretion or extraordinary circumstances warranting reduction” (People v Ingram, 95 AD3d 1376, 1379 [2012], lv denied 19 NY3d 974 [2012]).
McCarthy, J.P., Egan Jr., Lynch and Clark, JJ., concur.
Ordered that the judgment is affirmed.