■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ASHYLAUN COLEMAN, Appellant. [58 NYS3d 631]—

Mulvey, J. Appeal from a judgment of the Supreme Court (Coccoma, J.), rendered July 11, 2014 in Schenectady County, upon a verdict convicting defendant of the crimes of attempted gang assault in the first degree and attempted assault in the first degree.

In September 2013, defendant, along with three other individuals, attacked the victim in the middle of the street. Defendant was arrested and charged by indictment with one count of gang assault in the first degree and two counts of assault in the first degree.* Following a jury trial, defendant was found not guilty on each of the three counts, but was convicted of two lesser included offenses, attempted gang assault in the first degree and attempted assault in the first degree, both class C violent felonies. Defendant was sentenced as a second felony offender to a prison term of 12 years followed by five years of postrelease supervision on each count, with the sentences to be served concurrently. Defendant appeals.

We affirm. Defendant first contends that the verdict is against the weight of the evidence. Specifically, he argues that the evidence did not support a finding of intent to cause serious physical injury. In reviewing whether a conviction is against the weight of the evidence, we first determine whether a different verdict would have been reasonable and, if so, then, "like the trier of fact below, [we] weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (*People v Bleakley*, 69 NY2d 490, 495 [1987] [internal quotation marks and citations omitted]; *accord People v Lawrence*, 141

---

* Count 2 of the indictment charged assault in the first degree by the use of a dangerous instrument consisting of shoes or boots to stomp and kick the victim. Count 3 charged the crime by the use of a dangerous instrument consisting of a knife or other sharp instrument.

AD3d 828, 829 [2016], *lv denied* 28 NY3d 1073 [2016]). In this review, "we necessarily consider whether all of the elements of the charged crimes were proven beyond a reasonable doubt" (*People v Thorpe*, 141 AD3d 927, 928 [2016], *lv denied* 28 NY3d 1031 [2016]; *see People v Reeves*, 124 AD3d 1068, 1068 [2015], *lv denied* 25 NY3d 1076 [2015]).

As is relevant here, a conviction for gang assault in the first degree requires "intent to cause serious physical injury to another person and when aided by two or more other persons actually present" (Penal Law § 120.07). As charged in the indictment, assault in the first degree has the same element of intent to cause serious physical injury and, as relevant here, "by means of a deadly weapon or a dangerous instrument" (Penal Law § 120.10 [1]). To support a conviction of the crime of attempted gang assault in the first degree and attempted assault in the first degree, the People had to demonstrate that defendant "engage[d] in conduct which tends to effect the commission of such crime" (Penal Law § 110.00). Here, we are concerned with the attempt to commit the crimes and, therefore, only address the element of defendant's intent to cause serious physical injury, and not whether such injury actually resulted (*compare People v Armstrong*, 125 AD3d 1493, 1494-1495 [2015], *lv denied* 25 NY3d 1069 [2015]). "[C]riminal intent may be inferred from the totality of the circumstances" (*People v Madore*, 145 AD3d 1440, 1442 [2016], *lv denied* 29 NY3d 1034 [May 25, 2017]; *see People v Mike*, 283 AD2d 989 [2001], *lv denied* 96 NY2d 904 [2001]). "Intent may also be inferred from the natural and probable consequences of defendant's conduct" (*People v Madore*, 145 AD3d at 1442 [citation omitted]; *see People v Roman*, 13 AD3d 1115, 1116 [2004], *lv denied* 4 NY3d 802 [2005]).

Detective Eric Clifford testified that, during his patrol duties on the day in question, he observed a group of individuals "stomping on top of somebody" in the street and that he recognized defendant as one of the individuals involved. A surveillance camera captured the incident and a recording from that camera was played at trial. The recording shows defendant repeatedly raising his leg and stomping on the victim with his heavy work boots as the victim lay defenseless on the ground. Photographs of the boots were admitted into evidence along with photographs of the victim's injuries, which show a laceration above the victim's right eye and abrasions about his face. The eyewitness account by Clifford, the video recording of the incident, medical testimony of the responders and the emergency room personnel, and the photographs of the victim's

injuries clearly support the jury's conclusion that defendant intended to cause serious physical injury to the victim (*see People v Chowdhury*, 22 AD3d 596, 597 [2005], *lv denied* 6 NY3d 753 [2005]; *People v Mahoney*, 6 AD3d 1104, 1104 [2004], *lv denied* 3 NY3d 660 [2004]). The evidence also supported the conclusion that two or more persons were present and that the assault involved a dangerous instrument, i.e., the "boots or shoes worn while kicking [the] victim" (*People v Hill*, 130 AD3d 1305, 1306 [2015] [internal quotation marks, brackets and citations omitted], *lv denied* 27 NY3d 999 [2016]; *see People v Ingram*, 95 AD3d 1376, 1377 [2012], *lv denied* 19 NY3d 974 [2012]). While a different verdict would not have been unreasonable, "viewing the foregoing evidence in a neutral light and according deference to 'the jury's unique opportunity to view the witnesses, hear the testimony and observe demeanor' " (*People v Thorpe*, 141 AD3d at 930-931, quoting *People v Lanier*, 130 AD3d 1310, 1311 [2015], *lv denied* 26 NY3d 1009 [2015]), we cannot say that the jury "failed to give the evidence the weight it should be accorded" (*People v Bleakley*, 69 NY2d at 495; *see People v Gibson*, 118 AD3d 1157, 1159 [2014], *lv denied* 23 NY3d 1062 [2014]).

Next we address defendant's request that we review documents subpoenaed from the City of Schenectady Police Department to determine whether they should have been disclosed to defendant as *Brady* material (*see Brady v Maryland*, 373 US 83, 87-88 [1963]). Upon our own in camera examination, we agree with Supreme Court's determination that disclosure to defendant was not required. Although the documents pertained to an ongoing Schenectady Police Department internal affairs investigation in which defendant is involved, they contain no exculpatory material relative to the present matter, the officers named in the investigation did not testify at trial, and the documents would not have changed the result of the proceeding (*see People v Fuentes*, 12 NY3d 259, 263-264 [2009]).

We next turn to defendant's contention that Supreme Court abused its discretion in admitting into evidence a recording of Clifford's initial 911 radio call to the police dispatcher. Supreme Court found, after listening to the recording, that it was an excited utterance, as well as the present sense impression of the officer. The court further found that it did not constitute bolstering and admitted the recording into evidence based on these exceptions to the hearsay rule. "[A] 911 tape is hearsay, as an out-of-court statement admitted for the truth of the matter asserted" (*People v Buie*, 86 NY2d 501, 505 [1995]). Assuming, without deciding, that Supreme Court erred in admitting

the 911 tape under the excited utterance exception, it was nevertheless properly admitted under the present sense impression exception, and, thus, any perceived error was harmless, especially given the otherwise overwhelming evidence of defendant's guilt. Contrary to defendant's assertion, the present sense impression exception to the hearsay rule "does not require a showing of the declarant's unavailability as a *sine qua non* to admissibility" (*id.* at 506).

We also find no abuse of discretion in Supreme Court's refusal to give defendant's requested missing witness charge. Such a charge would have allowed the jury to draw an unfavorable inference toward the People based on the People's failure to call the victim as a witness (*see People v Savinon*, 100 NY2d 192, 196 [2003]). "To warrant a missing witness charge, the proponent of the charge must establish that (1) the witness's knowledge is material to the trial; (2) the witness is expected to give noncumulative testimony; (3) the witness is under the control of the party against whom the charge is sought, so that the witness would be expected to testify in that party's favor; and (4) the witness is available to that party" (*People v Brown*, 139 AD3d 1178, 1179 [2016] [internal quotation marks and citations omitted]). Clifford detailed the efforts utilized to contact the victim, including requesting the Schenectady Police Department patrol units to look for him, checking known addresses and contacting confidential informants, the Schenectady County Sheriff's Department, the State Police and the New York City Police Department. Clifford testified that, despite the fact that there were outstanding warrants for the victim in Schenectady County and in New York City, he had been unable to locate the victim. Supreme Court found that, based on Clifford's testimony, the victim was unavailable to the People and not under the People's control. Given the existence of the outstanding warrants for the victim, and the diligent efforts portrayed by Clifford to locate him (*see People v Gunn*, 144 AD3d 1193, 1195 [2016], *lv denied* 28 NY3d 1145 [2017]), the refusal to give the missing witness charge was not an abuse of discretion and will not be disturbed.

Lastly, we reject defendant's contention that his sentence was harsh and excessive. Specifically, defendant contends that, in light of its remarks at the time of sentencing, Supreme Court improperly considered the injury to the victim's leg in imposing sentence, and it overlooked the fact that defendant was acquitted of the charge of assault in the first degree as alleged in count 3 of the indictment involving that injury to the victim. However, our review of the sentencing minutes reveals no sug-

gestion that the court's comment formed the only basis for the sentence imposed (*see People v Lanfair*, 18 AD3d at 1034). Given the violent nature of defendant's participation in the attack, his lengthy prior criminal history and his inability to comply with supervision (*see People v Brown*, 96 AD3d 1236, 1237 [2012]), we find no extraordinary circumstances or abuse of discretion requiring a modification of the sentence, which was less than the possible maximum (*see* Penal Law §§ 110.05 [4]; 70.02 [1] [b]; 70.06 [6] [b]; 70.45 [1]; *People v Cook*, 112 AD3d 1065, 1066 [2013]; *People v Lee*, 51 AD3d 1217, 1218 [2008]).

Peters, P.J., McCarthy, Egan Jr. and Devine, JJ., concur. Ordered that the judgment is affirmed.