People v Terry (2025 NY Slip Op 04508)

People v Terry

2025 NY Slip Op 04508

Decided on July 31, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 31, 2025

CR-23-0288
[*1]The People of the State of New York, Respondent,
v
Mahteek Terry, Appellant.

Calendar Date:June 3, 2025

Before:Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Powers, JJ.

Tina K. Sodhi, Alternate Public Defender, Albany (Steven M. Sharp of counsel), for appellant.
Lee C. Kindlon, District Attorney, Albany (Emily Schultz of counsel), for respondent.

Aarons, J.
Appeal from a judgment of the County Court of Albany County (William Carter, J.), rendered April 19, 2019, upon a verdict convicting defendant of the crimes of attempted assault in the first degree and robbery in the second degree (two counts).
Based upon allegations that defendant kicked a victim's head into a concrete sidewalk outside a convenience store to enable another individual alleged to be defendant's sister to steal the victim's personal belongings, defendant was charged by indictment with attempted assault in the first degree and two counts of robbery in the second degree. A three-day trial ensued, during which County Court granted the People's request to bar members of defendant's family from the courtroom during the testimony of a convenience store clerk. After the court denied defendant's request to submit the defense of justification to the jury, defendant was found guilty as charged and sentenced, as a persistent felony offender, to 15 years to life in prison. Defendant appeals, and we affirm.
Defendant contends that his convictions are not supported by legally sufficient evidence and are against the weight of the evidence, arguing that the People failed to establish defendant's intent to cause serious physical injury as required by attempted first-degree assault. Further, insofar as the two second-degree robbery counts were charged under an acting in concert theory, defendant contends that there was insufficient proof that he shared a community of purpose with the sister who took the victim's belongings. "In conducting a legal sufficiency analysis, this Court views the evidence in the light most favorable to the People and evaluates whether there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial and as a matter of law satisfy the proof and burden requirements for every element of the crime charged" (People v Flower, 173 AD3d 1449, 1450 [3d Dept 2019] [internal quotation marks and citations omitted], lv denied 34 NY3d 931 [2019]; accord People v Dickinson, 182 AD3d 783, 783 [3d Dept 2020], lv denied 35 NY3d 1065 [2020]). In contrast, "[w]hen undertaking a weight of the evidence review, [this Court] must first determine whether, based on all the credible evidence, a different finding would not have been unreasonable and, if not, then weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony to determine if the verdict is supported by the weight of the evidence" (People v Terry, 196 AD3d 840, 841 [3d Dept 2021] [internal quotation marks and citations omitted], lv denied 37 NY3d 1030 [2021]; accord People v Burton, 215 AD3d 1054, 1055-1056 [3d Dept 2023], lv denied 40 NY3d 927 [2023]).
As relevant here, a person is guilty of first-degree assault when, "[w]ith intent to cause serious physical injury to another person, he [or [*2]she] causes such injury to such person or to a third person by means of a . . . dangerous instrument" (Penal Law § 120.10 [1]). Under the circumstances alleged here, a jury could find that the sidewalk and/or defendant's shoes qualify as dangerous instruments (see People v Galvin, 65 NY2d 761, 762-763 [1985]; People v Coleman, 151 AD3d 1385, 1387 [3d Dept 2017], lv denied 29 NY3d 1125 [2017]; People v Hill, 130 AD3d 1305, 1306 [3d Dept 2015], lv denied 27 NY3d 999 [2016]). "A person is guilty of an attempt to commit a crime when, with intent to commit a crime, he [or she] engages in conduct which tends to effect the commission of such crime" (Penal Law § 110.00).
As to the two robbery counts, a person is guilty of second-degree robbery as charged in count 2 when he or she "forcibly steals property and when . . . [h]e [or she] is aided by another person actually present" (Penal Law § 160.10 [1]). A person is guilty of second-degree robbery as charged in count 3 when he or she "forcibly steals property and when . . . [i]n the course of the commission of the crime or of immediate flight therefrom, he [or she] or another participant in the crime . . . [c]auses physical injury to any person who is not a participant in the crime" (Penal Law § 160.10 [2] [a]). For both counts, defendant is alleged to have been acting in concert with the sister. "When one person engages in conduct which constitutes an offense, another person is criminally liable for such conduct when, acting with the mental culpability required for the commission thereof, he [or she] solicits, requests, commands, importunes, or intentionally aids such person to engage in such conduct" (Penal Law § 20.00). "[W]hen proceeding under an acting in concert theory, the People must prove that the accomplice and principal shared a community of purpose" (People v Jenkins, 210 AD3d 1293, 1294 [3d Dept 2022] [internal quotation marks, brackets and citations omitted], lv denied 39 NY3d 1155 [2023]).
Testimony and video surveillance recordings revealed that defendant entered the convenience store and bumped the victim's arm. The victim and defendant exchanged words, after which defendant pushed his body against the victim and spoke very close to the victim's face. The victim tried to push defendant away, and then defendant struck the victim in the face and pushed him toward the door leading outside to the sidewalk. From there, a store employee pushed defendant out of the store, and the victim followed with his hands in the air. Outside, defendant and the sister struck the victim as he fell down onto the sidewalk. After that initial part of the altercation left the victim dazed and sitting on the sidewalk outside the convenience store, defendant went back into the convenience store and collected the food he had ordered, along with his change.
Defendant then went back outside and, without any apparent provocation, kicked the victim again, and the victim laid back down on the sidewalk. At that point, [*3]surveillance video showed the sister rifling through the victim's pockets as he laid on the sidewalk. Defendant then approached the victim again, kicked him and then stomped on his head as he lay on the ground, all while the sister continued to go through his pockets. The video shows that the victim became motionless for a brief period, and the victim explained at trial that he lost consciousness for about 20 seconds when defendant kicked him in the head. It was only when police arrived that the victim realized his cell phone was missing.
The victim went to the hospital where, among other things, he was screened for internal injuries and a concussion, ultimately receiving three staples for a flap of skin that had torn loose on the back of his head. The victim experienced head pain for several days after the alleged assault, developed severe bruising on his face and shoulder and missed three days of work due to his injuries. An emergency physician testified that serious head injuries could have resulted from kicking the victim's head into the concrete sidewalk, and the victim was "very lucky" to not have suffered from more severe brain injuries.
Taken together with photographs depicting the victim's injuries and the victim's medical records, the foregoing evidence and testimony is legally sufficient to establish that defendant intended to cause serious physical injury and shared a community of purpose with the sister to rob the victim (see People v Davis, 177 AD3d 1323, 1324 [4th Dept 2019], lv denied 35 NY3d 969 [2020]; People v Knox, 137 AD3d 1330, 1333 [3d Dept 2016], lv denied 27 NY3d 1070 [2016]; compare People v Smith, 206 AD3d 1058, 1062 [3d Dept 2022]). As to the weight of the evidence in support of the attempted first-degree assault conviction, a different verdict may not have been unreasonable insofar as defendant's intent to cause serious physical injury was inferred from the circumstances of his conduct, but nevertheless "we cannot say that the jury failed to give the evidence the weight it should be accorded" (People v Coleman, 151 AD3d 1385, 1387 [3d Dept 2017] [internal quotation marks and citation omitted], lv denied 29 NY3d 1125 [2017]; see People v Hill, 130 AD3d 1305, 1306 [3d Dept 2015], lv denied 27 NY3d 999 [2016]). As to the two robbery counts, a different verdict would have been unreasonable in our view because, "[e]ven if [defendant's] assistance [in robbing the victim] was not initially planned, the totality of the evidence permits only the conclusion that he knowingly participated and continued to participate even after [the sister's] intentions became clear," establishing defendant's community of purpose with the sister (People v Allah, 71 NY2d 830, 832 [1988]; compare People v Jenkins, 210 AD3d at 1296-1297). Thus, the verdict will not be disturbed.
Furthermore, and contrary to defendant's view, County Court did not err in declining to submit a justification charge to the jury based upon the victim pushing defendant [*4]away while they were inside the convenience store (see generally Penal Law § 35.15 [1] [b]). The video shows that defendant first turned and pushed his body into the victim's right arm and shoulder, making initial contact while the victim was still trying to make a purchase at the counter; only at that point did the victim push defendant away. Even viewed in the light most favorable to defendant, the victim's push did not make him the initial aggressor, and there is no reasonable view of the evidence that would otherwise warrant a justification charge (see People v Ham, 67 AD3d 1038, 1039 [3d Dept 2009]; see also People v Mousaw, 233 AD3d 1383, 1384 [3d Dept 2024], lv denied 43 NY3d 1010 [2025]).
Next, County Court did not violate defendant's right to a public trial by closing the courtroom to defendant's family members during the store clerk's testimony. The right to a public trial, though "fundamental, is not absolute; a trial court may exercise its discretion to close a courtroom, but must do so sparingly and then, only when unusual circumstances necessitate it" (People v McGough, 122 AD3d 1164, 1168 [3d Dept 2014] [internal quotation marks, ellipsis and citation omitted], lv denied 24 NY3d 1220 [2015]; accord People v Dorvil, 234 AD3d 1106, 1114 [3d Dept 2025]). Here, the store clerk informed the People and the court that he would not testify with members of defendant's family in the courtroom, out of fear of how they would react. According to the clerk, two weeks before defendant's alleged crimes occurred, defendant and his brother got into a fight at the convenience store that caused $20,000 in damage. Then, about two months before trial, defendant's mother and the same brother came to the convenience store, where the mother accused everyone present in the store of "snitching" and putting her son in jail. In our view, the store clerk's explanation and safety concerns justified the limited courtroom closure requested by the People, and the court did not abuse its discretion in granting that request (see People v Cerroni, 225 AD3d 1117, 1118 [4th Dept 2024], lv denied 41 NY3d 1017 [2024]; People v McGough, 122 AD3d at 1168).
We reject defendant's contention that he was deprived of the effective assistance of counsel when trial counsel failed to request County Court to charge the jury with the lesser included offense of attempted third-degree intentional assault, which requires proof that a person had the intent to cause physical injury — as opposed to serious physical injury (see Penal Law §§ 110.00, 120.00 [1]). Generally, the "failure to object to or request that the jury be charged as to a lesser included offense is not the type of clear-cut and completely dispositive error that rises to the level of ineffective assistance of counsel" (People v Briskin, 125 AD3d 1113, 1122 [3d Dept 2015] [internal quotation marks and citations omitted], lv denied 25 NY3d 1069 [2015]). This is because the decision to request or object to "submission of a [*5]lesser included offense is often a strategic decision that could reasonably be made either way" (People v Turner, 5 NY3d 476, 483 [2005]; accord People v Briskin, 125 AD3d at 1122). Trial counsel's omission here could have been part of a strategy to secure an acquittal on the top count of attempted first-degree assault, betting that the People could not prove defendant's intent to cause serious physical injury (see Penal Law § 120.10 [1]), and therefore counsel's failure does not amount to ineffective assistance of counsel.
We are unpersuaded by defendant's further contention that he was deprived of meaningful representation when, instead of requesting a charge-down for attempted third-degree intentional assault, trial counsel requested the nonexistent crime of "attempted assault in the third degree committed in a reckless manner" (see generally People v Campbell, 72 NY2d 602, 605 [1988]; compare Penal Law § 120.00 [2]; People v Ryan, 55 AD3d 960, 963 [3d Dept 2008]). Counsel's request stemmed from People v Ryan (55 AD3d at 963), in which we indicated that the crime of third-degree reckless assault is a lesser included offense of the crime of first-degree intentional assault (see generally People v Green, 56 NY2d 427, 432-434 [1982]). However, trial counsel's request was denied because defendant was charged with attempted first-degree assault, and the specific intent required for an attempt crime is incompatible with a reckless mental state because "one cannot have a specific intent to cause an unintended injury" (People v Campbell, 72 NY2d at 605). As such, the crime of attempted third-degree reckless assault does not exist (cf. id.). Still, trial counsel's request for a lesser crime with a reckless mental state was consistent with an overall strategy of convincing the jury that defendant did not act with intent, either to inflict serious physical injuries on the victim or to aid the sister in robbing the victim (cf. People v Briskin, 125 AD3d at 1122). We further note that trial counsel also "effectively cross-examined witnesses, made cogent opening and closing statements" and made appropriate motions and objections; as such, "we are satisfied that defendant received meaningful representation" (People v Lewis, 224 AD3d 1143, 1155 [3d Dept 2024], lv denied 42 NY3d 939 [2024]).
Defendant's challenge to the constitutionality of the persistent felony offender statute is unpreserved, as he did not assert that a jury, as opposed to the trial court, was required to find the facts of his prior convictions in determining his eligibility for sentencing under the statute (see People v Finkelstein, 28 NY3d 345, 348 [2016]). We reject defendant's contention that no preservation was required because the absence of jury findings constitutes a mode of proceedings error, as that contention proceeds from an unproven premise — i.e., that defendant had a "constitutional right to a jury trial to establish the facts of his prior felony convictions" (People v Rosen[*6], 96 NY2d 329, 335 [2001], cert denied 534 US 899 [2001]; see Alleyne v United States, 570 US 99, 116-117 [2013]; People v Rivera, 5 NY3d 61, 66 [2005], cert denied 546 US 984 [2005]; compare Erlinger v United States, 602 US 821, 834 [2024]). We decline to take corrective action in the interest of justice with respect to this unpreserved issue (see CPL 470.15 [3] [c]; [6] [a]). Upon our review of defendant's history and the circumstances of his present crimes, we cannot say that defendant's sentence is unduly harsh or severe, so we deny defendant's request to reduce the sentence as a matter of discretion in the interest of justice (see CPL 470.15 [6] [b]; 470.20 [6]). Defendant's remaining contentions, to the extent not specifically addressed, have been reviewed and found to be meritless.
Clark, J.P., Pritzker, Reynolds Fitzgerald and Powers, JJ., concur.
ORDERED that the judgment is affirmed.